Filed 8/17/18

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| LISA LEVINGSTON, | |
| Plaintiff and Appellant, | E066271 |
| v. | (Super.Ct.No. RIC1400688) |
| KAISER FOUNDATION HEALTH PLAN, INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  John W. Vineyard, Judge.

Reversed and remanded with directions.

Shegerian & Associates, Carney R. Shegerian, and Jill McDonell for Plaintiff and Appellant.

Davis Wright Tremaine, John P. LeCrone, Rochelle L. Wilcox, and Aaron N. Colby for Defendants and Respondents.

The attorneys for plaintiff Lisa Levingston, O.D., failed to file an opposition to a motion for summary judgment.  They had been substituted into the case after Levingston's former attorneys were disqualified and the opposition that the former

attorneys had filed was stricken. At the hearing on the motion, Levingston's new counsel claimed they had not known that they needed to file a new opposition; they requested relief from default, under Code of Civil Procedure section 473, subdivision (b), and a continuance. The trial court found that new counsel's failure was inexcusable neglect. It therefore granted summary judgment.

We will hold that, due to her new counsel's neglect — which the trial court quite properly found to be inexcusable — Levingston was not entitled to relief under Code of Civil Procedure section 473, subdivision (b); nevertheless, under controlling case law, she was entitled to a continuance to file an opposition.

I

FACTUAL AND PROCEDURAL BACKGROUND

Levingston filed this action on January 24, 2014. She named as defendants Kaiser Foundation Health Plan Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group (collectively Kaiser). She claims that she is a "whistleblower"; she asserts causes of action including retaliation and wrongful termination.

Initially, Levingston was represented by the Mathews Law Group. Later, Helmer Friedman, LLP associated in as co-counsel.

On April 1, 2015, Kaiser filed a motion for summary judgment. On June 2, 2015, Levingston's counsel filed her opposition. Almost immediately, Kaiser filed an ex parte application to expunge privileged information and to disqualify Levingston's counsel.

2

Although the application itself is not in the record, apparently it was made on the ground that Levingston's opposition included a privileged document that Kaiser's counsel had disclosed inadvertently.

In response to the application, the trial court ordered portions of Levingston's opposition sealed. It declined to disqualify Levingston's counsel ex parte, but it set a hearing date for a disqualification motion.

Kaiser then filed a noticed disqualification motion. On July 17, 2015, the trial court granted the motion. It disqualified Levingston's counsel and enjoined them from discussing the contents of the privileged document. It also struck Levingston's entire opposition. It continued the hearing on the motion for summary judgment to January 22, 2016 (i.e., approximately six months), "to allow for Plaintiff to retain new counsel, and for new counsel to prepare and file a new Opposition to Defendants['] Motion for Summary Judgment . . . ."

On November 16, 2015, Levingston substituted Shegerian & Associates, Inc. as her new counsel. Their new opposition to the motion for summary judgment was due by January 8, 2016. (Code Civ. Proc., § 437c, subd. b)(2).) However, they failed to file a timely opposition.

On January 15, 2016, Kaiser filed a notice that Levingston had failed to file an opposition.

On January 22, 2016 — the date set for the hearing on the motion for summary judgment — Levingston's new counsel filed an ex parte application for relief under Code

3

of Civil Procedure section 473, subdivision (b), and for a continuance. According to the evidence in that application, when they took over the case, they believed that the motion for summary judgment had been fully briefed. Neither Levingston nor Levingston's former counsel told them anything about "the circumstances surrounding the disqualification of former counsel" or about "the previously filed summary judgment papers" — supposedly out of concern about violating the trial court's injunction. Until new counsel received Kaiser's notice of failure to file an opposition, which was on January 20, 2016, they intended to just show up at the hearing and argue the motion.

At the hearing on January 22, 2016, the trial court's tentative ruling was to grant the ex parte application, because it felt that the failure to file an opposition was due to an excusable "miscommunication." After hearing argument, however, it changed its mind.

In that argument, new counsel claimed that they had been relying (1) on what Levingston told them, which was that "everything had been briefed," and (2) on the case file they received from former counsel, which did not include the order disqualifying former counsel and striking the opposition. That led to this exchange:

"[NEW COUNSEL]: . . . [A]ll we knew is that they were just disqualified.

"THE COURT: And that was not a big red flag that you should look at the court's file and look at the order and what the status of the case was?"

New counsel then claimed that, as of January 20, 2016, they had not yet started preparing for the summary judgment hearing: "[W]e normally prepare for [a] summary judgment motion the day before the hearing." The trial court asked:

4

"THE COURT: Had you read th[e] opposition?

"[NEW COUNSEL]: We had not read it yet.

"THE COURT: Do you have it?

"[NEW COUNSEL]: I — don't believe —

"THE COURT: Be careful with that answer. I've ordered it not be distributed.

"[NEW COUNSEL]: I don't believe we had it and we were going to get it off the court's docket.

"THE COURT: I will tell you what you are telling me now is not very credible, and it's certainly I do not think excusable neglect. It's hard for me to believe . . . that you have been in the case since November, have not looked at the case file to the point where you did not know the order that struck the opposition existed, were prepared to come here and argue a dispositive summary judgment motion and . . . had not looked at any opposition to prepare for that argument . . . ."

The trial court ruled, "I do not find excusable neglect in any way whatsoever." It therefore denied the ex parte application. It then granted the motion for summary judgment.

On January 25, 2016, Levingston's new counsel filed a noticed motion for relief under Code of Civil Procedure section 473, subdivision (b), requesting both mandatory

relief and discretionary relief.  The motion included a proposed opposition to the motion for summary judgment.**1**

On March 22, 2016, after hearing argument, the trial court denied the motion.  To the extent that the motion sought discretionary relief, it ruled that there was still no excusable neglect, and there were no grounds for reconsideration under Code of Civil Procedure section 1008.  To the extent that the motion sought mandatory relief, it ruled that such relief is not available from an order granting summary judgment.

On April 21, 2016, the trial court entered judgment in favor of Kaiser and against Levingston.

On May 19, 2016, Levingston's new counsel filed a motion for new trial.  On June 10, 2016, the trial court denied the motion.

Levingston appealed from the judgment and from the order denying a new trial.

II

THE DENIAL OF LEVINGSTON'S EX PARTE APPLICATION

Levingston contends that the trial court erred by refusing to continue the hearing on the motion for summary judgment so that she could file a new opposition.

Levingston's ex parte application requested relief from default under Code of Civil Procedure section 473, subdivision (b); the trial court denied the application

---

**1** New counsel had a redacted version of the opposition previously filed by Levingston's former counsel; they appear to have used that as the basis for their opposition papers.

because it found no excusable neglect. Levingston does not challenge that finding. She argues, however, that her application was, in substance, a request for a continuance. We agree.

The application expressly sought "an order granting relief from plaintiffs counsel's inadvertent failure to file an opposition . . . and to allow the filing of late opposition *and to continue the current summary judgment briefing schedule* by at least Monday, January 25, 2016." (Italics added.)

Moreover, the trial court recognized that Levingston was seeking a continuance. At the very beginning of the hearing, it said, "[T]he ex parte application . . . is to essentially . . . to continue the hearing on summary judgment and allow the filing of an opposition." It also said, "My tentative is to grant the ex parte application to continue the summary judgment hearing." A sufficiently long continuance would have automatically reopened the time for filing an opposition (Code Civ. Proc., § 437c, subd. (b)(2)), removing any need to grant relief from default. Moreover, even assuming the opposition would still be deemed late, a trial court has discretion to consider late-filed papers without the need of granting relief from default. (Cal. Rules of Court, rule 3.1300(d).))

"In seeking a continuance of a summary judgment motion, a plaintiff has essentially two options. The first option is to comply with section 437c, subdivision (h), which states, 'If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the

7

motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just.  The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due.'" (*Hamilton v. Orange County Sheriff's Dept.* (2017) 8 Cal.App.5th 759, 764-765.)

The trial court could properly deny a continuance under Code of Civil Procedure section 437c, subdivision (h).  As mentioned, any request for such a continuance must be submitted on or before the opposition is due.  Obviously, that did not happen here.  In any event, the trial court could reasonably find that the essential facts could have been presented — by filing a timely opposition — but they simply had not been.[2]

"Where a plaintiff cannot make the showing required under section 437c, subdivision (h), a plaintiff may seek a continuance under the ordinary discretionary standard applied to requests for a continuance.  [Citation.]  This requires a showing of good cause.  [Citation.]" (*Hamilton v. Orange County Sheriff's Department*, *supra*, 8 Cal.App.5th at p. 765.)  "Reviewing courts must uphold a trial court's choice not to grant a continuance unless the court has abused its discretion in so doing.  [Citation.]" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823.)

---

**2**       Kaiser argues that Code of Civil Procedure section 437c, subdivision (h) applies only when the party opposing the motion seeks a continuance to take further discovery.  That is its usual purpose but not its exclusive purpose.  Rather, it allows the trial court to "order a continuance to permit affidavits to be obtained or discovery to be had, *or make any other order as may be just*." (Italics added.)

8

As our Supreme Court has noted, "[t]erminating sanctions *such as an order granting summary judgment* based upon procedural error '"have been held to be an abuse of discretion unless the party's violation of the procedural rule was willful [citations] or, if not willful, at least preceded by a history of abuse of pretrial procedures, or a showing [that] less severe sanctions would not produce compliance with the procedural rule. [Citations.]"' [Citations.]" (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1364, fn. 16, italics added.)

For example, in *Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89, plaintiff Bradley (who was in pro. per.) filed an opposition to defendant Bank's motion for summary judgment, but he failed to file a separate statement. Based on that "procedural defect," the trial court granted the motion. (*Id.* at p. 92.) The appellate court held that the trial court abused its discretion by failing to grant a continuance (even though Bradley had not requested one). (*Id.* at pp. 92-99.)

The court explained: "Failure to file a new responsive statement was a curable defect from which the Bank suffered no prejudice. Nor is there any showing Bradley had previously violated any pre-trial rules or engaged in any dilatory conduct. Furthermore, a separate responsive statement is not an end in itself. Its purpose is to ease the trial court's burden and put the moving party on notice of the evidence which is disputed by respondent. [Citation.] Therefore, unless the trial court has reason to believe no responsive statement would be filed even if the respondent was afforded a reasonable opportunity to file one, the respondent should be afforded that opportunity rather than

9

suffer a judgment not supported by a decision on the merits. [Citation.]" (*Security Pacific Nat. Bank v. Bradley*, *supra*, 4 Cal.App.4th at pp. 98-99.)

Similarly, in *Kalivas v. Barry Controls Corp.* (1996) 49 Cal.App.4th 1152, the trial court granted the defendant's motion for summary judgment because the plaintiff's counsel had failed to file a timely opposition and had then failed to appear at the hearing. (*Id.* at pp. 1156-1157.) The plaintiff's counsel filed a motion for reconsideration, claiming that the summary judgment motion had been taken off calendar. The trial court found that the motion had not been taken off calendar and denied the motion for reconsideration. (*Id.* at p. 1157.)

The appellate court reversed. Citing *Security Pacific*, it said, "An order based upon a curable procedural defect (such as the failure to file a separate statement), which effectively results in a judgment against a party, is an abuse of discretion. [Citation.]" (*Kalivas v. Barry Controls Corp.*, *supra*, 49 Cal.App.4th at p. 1161.) "[The plaintiff]'s failure to file a separate statement . . . was a curable defect, from which [the defendant] suffered no prejudice. Furthermore, there was no showing that [the plaintiff] had previously violated any pretrial rules or engaged in any dilatory conduct." (*Id.* at p. 1162; see also *Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 161-162 [trial court granted summary judgment based on plaintiff's failure to file a timely separate statement; "it was an abuse of discretion for the court to impose a terminating sanction for a mere violation of a procedural rule."]; *Parkview Villas Assn., Inc. v. State Farm Fire and Casualty Co.* (2005) 133 Cal.App.4th 1197, 1210-1218 [trial court abused its discretion by granting

10

summary judgment based on defects in plaintiff's separate statement, rather than continuing the hearing].)[3]

Here, there was no evidence that new counsel's failure to file an opposition was willful. We recognize that the trial court found that new counsel lacked credibility. We, too, find it unbelievable that they supposedly knew the disqualification order was not in their files yet did not obtain a copy from the trial court.[4] It is equally mind-boggling that they supposedly took on a case in which a motion for summary judgment was pending yet were not going to look at the papers until one day before the hearing. Nevertheless, "[w]ithout more, the disregard or disbelief of the testimony of a witness is not affirmative evidence of a contrary conclusion. [Citations.]" (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1205.) Thus, if, in fact, new counsel was not candid, that would not be affirmative evidence that their failure was

---

[3]      At oral argument, counsel for Kaiser asserted that Kaiser had not had an opportunity to brief the applicability of the willfulness standard. Levingston, however, in her opening brief, argued that there was no "'good reason'" to deny a continuance. She also argued that "[p]unishing a plaintiff because of a mistake in calendaring an opposition is not grounds to deny a short continuance to allow a late filing and to allow the motion to be heard on the merits." This raised the issue of what would constitute good cause to deny a discretionary continuance and whether that standard was met here. In response, Kaiser (much as it did at oral argument) chose to take the position that the trial court could not grant a discretionary continuance unless it found excusable neglect. The mere fact that the parties did not cite the relevant *cases* does not preclude us from deciding the *issue* in accordance with the applicable law.

[4]      If they had merely looked at the trial court's docket — publicly available online — it would have shown that the trial court struck the opposition at the same time as it disqualified former counsel.

11

willful. This is particularly true because there is no conceivable motive for a deliberate failure to file an opposition. How could they possibly have benefited?[5]

There was likewise no history of abusing pretrial procedures. Levingston's former counsel had committed an ethical violation and, as a result, had been disqualified, but there was no evidence that Levingston herself had participated in that violation. And her new counsel had not abused any procedures. How could they? They had not done *anything*.

Kaiser claims it would have been prejudiced by a continuance because that would have further delayed the summary judgment that it was entitled to. To recap, this case was filed in January 2014. The motion for summary judgment was filed in April 2015. The hearing on the motion, originally set for July 2015, was continued to January 2016; Kaiser did not object to that continuance. Moreover, at that time, the trial court said, "To the extent new counsel needs more time, I'll consider that . . . ." Thus, Kaiser could not justifiably rely on obtaining a summary judgment, if at all, in January 2016. Moreover, it does not claim that it did rely in any way. Levingston's new counsel offered to file an opposition the very next court day (and ultimately they actually did so). This would have required the trial court to continue the hearing by only about two weeks. (See Code Civ. Proc., § 437c, subds. (b)(2), (b)(4).) Even a delay of, say, another couple of months

---

    [5]    At oral argument, counsel for Kaiser conceded, "[T]hey didn't intend to miss the deadline . . . ."

would not take the case outside the usual run of litigation and would not cause Kaiser any concrete or identifiable harm.**6**

Kaiser relies on *Henderson v. Pacific Gas and Electric Co.* (2010) 187 Cal.App.4th 215. There, in response to the defendant's motion for summary judgment, the plaintiff filed belated and inadequate opposition papers. (*Id*. at pp. 220-221.) The plaintiff also filed an ex parte application for continuance under Code of Civil Procedure section 473c, subdivision (h). (*Henderson v. Pacific Gas and Electric Co.*, *supra*, at p. 220.) The trial court denied the requested continuance, struck the opposition, and granted the motion for summary judgment. (*Id*. at p. 221.)

After a judgment was entered, the plaintiff filed a motion for relief under Code of Civil Procedure section 473, subdivision (b). (*Henderson v. Pacific Gas and Electric Co.*, *supra*, 187 Cal.App.4th at p. 221.) The trial court found no excusable neglect and denied the motion. (*Id*. at p. 224.)

The appellate court began by saying, "[O]ur review is limited to whether the trial court erroneously issued the May 8, 2009 order denying relief under section 473(b)." (*Henderson v. Pacific Gas and Electric Co.*, *supra*, 187 Cal.App.4th at p. 224.) It did not explain why, but it seems the plaintiff did not file a timely appeal from the judgment. (See *Id*. at p. 221.) Ultimately, it held that the trial court properly denied the post-

---

**6**      Kaiser does not claim that it incurred any attorney fees or other expenses as a result of new counsel's failure to file an opposition; it has not asked us to impose (or to give the trial court an opportunity to impose) monetary sanctions if the judgment is reversed. We therefore see no basis for imposing sanctions.

judgment motion (*id.* at pp. 226-232), in part because "the trial court reasonably could have concluded that any surprise or neglect . . . part was inexcusable." (*Id.* at p. 231.)

*Henderson* does not affect our conclusion. Due to the apparent failure in *Henderson* to file an appeal from the judgment, the question of whether the trial court should have continued the summary judgment hearing simply was not before the appellate court. It did uphold the ruling that the failure to file a timely and proper opposition was not due to inexcusable neglect. Here, however, for the reasons we have already discussed, the trial court could not deny a continuance on the ground that new counsel's neglect was inexcusable. The bottom line is that, under the circumstances here — no willfulness, no previous procedural abuses, and no prejudice — the trial court should not have scourged Levingston for her new counsel's sin.

Levingston argues that the denial of a continuance was prejudicial because her proposed opposition was meritorious — i.e., it would have required the trial court to deny the motion for summary judgment. Kaiser does not argue otherwise.[7] Instead, it responds that this is a "hypothetical question" that "is not properly before the Court." (Italics omitted.) It adds, "If the Court concludes the trial court abused its broad discretion . . . , the remedy is remand for full briefing on Defendants' summary judgment motion. . . . The trial court, not this Court, should be the first to resolve that issue." (Fns. omitted.) This is tantamount to a concession that, if there was error at all, the error

---

[7] Kaiser argues only that, *once the opposition was stricken*, its motion for summary judgment was properly granted.

requires reversal. We therefore decline to reach the merits of the motion for summary judgment — which would require us to review the 750-page motion and the 4,098-page opposition — solely to confirm the existence of prejudice.

In sum, we conclude that the trial court erred by denying a continuance and that this error was prejudicial. In light of our holding, we need not decide whether the trial court erred by denying Levingston's subsequent motion for relief under Code of Civil Procedure section 473, subdivision (b). We also need not decide whether it erred by denying her motion for a new trial.

III

DISPOSITION

The judgment is reversed. The trial court must (1) allow Levingston to file an opposition to Kaiser's motion for summary judgment and (2) set a briefing and hearing schedule for the motion. Levingston is awarded costs on appeal against Kaiser.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.


We concur:

McKINSTER
J.

MILLER
J.

15