Filed 10/1/20  Horn v. Wal-Mart Stores, Inc. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| JOSHUA HORN, | C089684 |
| Plaintiff and Appellant, | (Super. Ct. No. CVCS160001624) |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant and Respondent. | |

Plaintiff Joshua Horn appeals following defendant Wal-Mart Stores, Inc's successful motion for summary judgment.  On appeal, Horn raises an array of contentions under headings including:  (1) "Trial Court's Retaliation/Abuse of Discretion"; (2) "Trial Court's Racial and Disability Discrimination"; (3) "Trial Court's Refusal to Uphold the California Constitution and Willful Neglect of Duty"; (4) "Trial Court's Willful Misinterpretation of [the California Rules of Court]"; and (5) "Trial Court's Employees['] Breach of Oath and/or Affirmation."  (Capitalization omitted.)

We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

### The Pleadings

In 2016, Horn, acting in pro per, sued Wal-Mart for fraud and wrongful termination. Two years later, he filed an amended complaint adding counts for Americans with Disabilities Act discrimination, racial discrimination, retaliation, intentional negligence, and intentional infliction of emotional distress.

Six months after that, the trial court granted Wal-Mart's motion for summary judgment. The court's written order noted Horn had filed no evidentiary objections to Wal-Mart's evidence submitted in support of its motion. And Horn had filed no response to Wal-Mart's statement of undisputed material facts.

The court concluded summary adjudication was appropriate for all counts, for reasons including that Wal-Mart undisputedly made no false misrepresentation of fact to Horn, and Horn suffered no resulting damages; Wal-Mart's actions were taken for a legitimate business reason, and Horn could not show Wal-Mart's actions were pretextual; certain claims were time barred; and the Workers Compensation Exclusivity Act barred other claims.

Between the time Horn filed suit and the time Wal-Mart was granted summary judgment, Horn unsuccessfully moved to transfer venue,[1] Walmart successfully moved to compel discovery and for sanctions, and Horn brought multiple motions to continue.

---

[1] In early 2019, Horn moved to transfer venue, averring he "suffered from racial discrimination, and from habitual judicial misconduct being condoned by this Court's Staff . . . as well as multiple judges of this Court . . . ." He wrote: "This Court clearly does not have adequate judicial resources to try Mr. Horn's case." Wal-Mart opposed the motion as untimely, lacking in evidence that the trial court should be disqualified, lacking a timely preemptory challenge, and lacking evidence that a venue change would convenience witnesses and promote the ends of justice. Horn did not file a response to Wal-Mart's opposition, and a subsequent minute order reflected the motion had been "submitted without argument," and denied.

Horn appealed from entry of judgment following the grant of summary judgment.**2**

## DISCUSSION

On appeal, Horn is proceeding in pro per, as he did before the trial court. Pro per litigants are required to follow the rules of appellate procedure; they are treated like any other party and receive no greater consideration. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) Horn's briefing suffers from a number of flaws.

### I. Sanctions

Under the headings, "Trial Court's Retaliation/Abuse of Discretion," and "Trial Court's Racial and Disability Discrimination," Horn challenges the award of sanctions as part of Wal-Mart's motion to compel.**3** We find no error. (Capitalization omitted.)

---

**2** While Wal-Mart acknowledges judgment is final and thus appealable, it argues the underlying orders Horn challenges on appeal (the change of venue, discovery sanctions, and the motions to continue) are neither final nor appealable. Wal-Mart thus asks that portions of Horn's briefs pertaining to those orders be struck. Not so. Horn may challenge these orders as part of his appeal from the judgment. (Code Civ. Proc., § 906 ["the reviewing court may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party"; *Wassmann v. South Orange County Community College District* (2018) 24 Cal.App.5th 825, 852 [notice of appeal encompasses all nonappealable orders made before entry of judgment]; *Ash v. Hertz Corp.* (1997) 53 Cal.App.4th 1107, 1112 [when transfer motion denied, aggrieved party may obtain review from final judgment].)

**3** Under a separate heading, "Discovery Disputes Between Parties," Horn writes that during status conference proceedings in September and November 2018, the trial court stated that "some judges allowed parties to contact them whenever there was a dispute and assist them in resolving them, and that he was not one of those said judges." Horn adds that the "trial court offered no other means of resolution to Mr. Horn's discovery disputes." (Capitalization omitted.) We decline to address this contention. For one, the statement is not reflected in the record. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 ["[A]ppellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided"].) For another, Horn has failed to establish that this was error.

## A. Additional Background

The day after Horn moved to transfer venue, Wal-Mart moved to compel discovery responses and sought monetary sanctions for misuse of the discovery process. Through a declaration, Wal-Mart represented that it had incurred $2,750 in attorneys' fees in preparing the motion, $60 in filing fees, and anticipated incurring $3,910 total in bringing the motion. Wal-Mart also cited Code of Civil Procedure sections 2030.290 and 2031.300[4], which require the imposition of monetary sanctions when motions to compel responses to interrogatories or production requests are unsuccessfully opposed.

Horn did not file an opposition. A subsequent minute order reflects the motion was submitted with argument and taken under submission.

The trial court granted the motion, ordering Horn to respond to Wal-Mart's interrogatories, production requests, and request for admissions. It found Horn had "abused and misused the discovery process by asserting objections without substantial legal or factual justification and by failing to respond to defendant's relevant discovery requests." It ordered Horn to pay Wal-Mart $1,750 in attorney fees and $60 in costs.

## B. Analysis

On appeal, Horn challenges the trial court's ruling on multiple grounds. He writes that Wal-Mart's counsel "failed to provide adequate legal fee quantification via any

---

(*People v. Oates* (2004) 32 Cal.4th 1048, 1068, fn. 10 [declining to address claim without argument or citation to relevant authority].)

Also under this heading "Plaintiff's motion for transfer," plaintiff appears to challenge the denial of his motion to transfer venue. He writes that his "motion for transfer was ignored by the trial court and was never fully addressed or ruled on." (Capitalization omitted.) We decline to address this contention, again for lack of argument or citation to relevant authority. We note, however, that Horn failed to respond to Wal-Mart's opposition to the motion, which cited numerous deficiencies, and the motion was submitted without argument at the hearing.

[4] Undesignated statutory references are to the Code of Civil Procedure.

4

method such as the Lodestar method . . . ." He avers the ruling was in retaliation for filing a complaint with the Commission on Judicial Performance. He argues the trial court "failed to substantiate why and how it came to its decision," and failed to provide "any case law, citation, statutory authority or publication of any kind expressing judicial authority." He also maintains the trial court ignored this court's decisions regarding low-income litigants, which purportedly "establish a precedent that prohibits courts from imposing improper and/or unduly burdensome sanctions, penalties and/or legal fees/costs against self-represented litigants of low-income with an inability to pay."

Horn cites no authority supporting his claim that the order of sanctions was error. Indeed, a trial court is required to award sanctions following a successful motion to compel discovery responses, unless it finds the party subject to sanctions acted with substantial justification or other circumstances make the imposition of sanction unjust. (§§ 2030.290; 2031.300; *Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 404 ["If a party fails to serve a timely response, and the propounding party moves for and obtains a court order compelling a response, the trial court must impose a monetary sanction against the delinquent party unless that party acted with 'substantial justification' or the sanction would otherwise be unjust"].)

And Horn offers no explanation — neither here nor before the trial court — as to how he acted with substantial justification or how sanctions were unjust, beyond his frivolous suggestion the trial court acted in retaliation or his vague references to this court's decision regarding low-income litigants and the lodestar method.[5] None of these undermine the ruling.

---

[5] The lodestar method — whereby the trial court determines the reasonable hours spent multiplied by the reasonable hourly rate, "based on a careful compilation of the time spent and reasonable hourly compensation of each attorney involved in the presentation of the case" — is the primary method for establishing attorney's fees in statutory fee-

5

This contention therefore fails.

## II. Motions to Continue

Under the headings, "Trial court's refusal to uphold the California Constitution and willful neglect of duty," and "Trial Court's [Willful] Misinterpretation of [the California Rules of Court]," Horn appears to challenge the trial court's denial of his motions to continue. We find no error. (Capitalization omitted.)

### A. Additional Background

Horn filed his original complaint in 2016. Two years later, Wal-Mart moved for summary judgment. In response, Horn moved to "dismiss" Wal-Mart's motion for summary judgment, arguing the motion was premature and should be dismissed to allow Horn to conduct discovery.

In early November 2018, the trial court granted Horn's request to conduct discovery and reset the summary judgment hearing, then scheduled for January 28, 2019, to April 15th, "to allow plaintiff to complete the necessary discovery and to file appropriate opposition to pending Motion."

In March 2019, Horn moved for a continuance. He wrote that he had a worker's compensation trial hearing (also involving Wal-Mart) to prepare for and attend, which had been moved from February to April. He added: "It will be several months before I will be able to adequately prepare my response to the Defendant's motion for summary judgment due to my conflicting engagement in a separate trial hearing . . . ."

Wal-Mart opposed the motion, arguing it was untimely noticed, and Horn had failed to provide a declaration that essential facts may exist and why additional time is needed to obtain them as required under section 437c subdivision (h). It also argued that good cause had not been shown in that the case had been pending for more than two

shifting cases. (*Glaviano v. Sacramento City Unified School Dist.* (2018) 22 Cal.App.5th 744, 750–751.)

6

years, Horn had had 175 days to oppose the motion for summary judgment, and a previous continuance had been provided.

The motion was submitted without argument and denied as untimely noticed.

Three days later, Horn filed an ex parte motion for a continuance. He again wrote in his declaration: "It will be several months before I will be able to adequately prepare my response to the Defendant's motion for summary judgment due to my conflicting engagement in a separate trial hearing and the trial date's continuation from the previously set trial date was unanticipated by myself."

Wal-Mart opposed the motion, arguing that under Rule of Court Rule 3.1204,[6] Horn had failed to state the date, time and place of the presentation of his application and made no attempt to determine if Wal-Mart would appear to oppose the application. It further argued it was Horn's lack of diligence that prevented the case from moving forward.

Denying the ex parte motion, the trial court cited the failure to comply with ex parte notice requirements.

Later at the summary judgment hearing, Horn again requested a continuance over Wal-Mart's objection. In its written order, the trial court explained that Horn's "oral request for another continuance was denied. Plaintiff had already been granted a two and one-half month continuance of the original hearing date of this motion to complete discovery to oppose this motion, and there was no good cause shown by plaintiff to grant a second continuance."

## B. Analysis

On appeal, Horn contends the trial court abused its discretion in denying his motion to continue. He argues the refusal to reschedule the hearing "provid[ed] the

---

[6] Undesignated references are to the Rules of Court.

7

Defendant's legal counsel an advantage while presiding with a clear bias and favoritism toward the Defendant's legal counsel." He takes issue with the court's reliance on the fact that a continuance had previously been granted, arguing he had not asked for an extension, rather the extended deadline had been given at the court's "own discretion," and Horn's motion to dismiss was never ruled on.

He goes on to argue: "The trial court's refusal to interpret the [Code of Civil Procedure and Rules of Court] expeditiously, inexpensively, without encumbrance of character, without impropriety and/or discrimination, as the Plaintiff was clearly involved in a separate trial matter less than seventy-two (72) hours apart from the Defendant's motion for summary judgment hearing; shows that the Court has a sub-standard business practice for the Plaintiff that is different from its standard business practice for the Defendant." We find no error.

" 'In seeking a continuance of a summary judgment motion, a plaintiff has essentially two options. The first option is to comply with section 437c, subdivision (h), which states, "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due." ' " (§ 437c, subd. (h); *Levingston v. Kaiser Foundation Health Plan, Inc.* (2018) 26 Cal.App.5th 309, 315 (*Levingston*).)

" 'Where a plaintiff cannot make the showing required under section 437c, subdivision (h), a plaintiff may seek a continuance under the ordinary discretionary standard applied to requests for a continuance.' " (*Levingston*, *supra*, 26 Cal.App.5th at p. 315.) " 'This requires a showing of good cause.' " (*Ibid.*) On appeal, we will uphold the refusal to grant a continuance unless the trial court has abused its discretion. (*Ibid.*)

Here, Horn has made no showing under section 437c, and we find no abuse of discretion in denying an eleventh-hour discretionary continuance. After two years, Horn was afforded a significant extension. And though he maintains it was the trial court's own discretion that gave rise to that continuance, the fact remains, that continuance was ordered after Horn represented that more time was needed to conduct discovery. Nothing else Horn has argued in support of his contention convinces us that the trial court exceeded its discretion.

The contention therefore fails.

### III. Summary Judgment

Finally, under the heading "Trial Court's Employees['] Breach of Oath and/or Affirmation,"[7] there appears to be a challenge to the order of summary judgment. Horn writes that he "seeks reversal on the trial court's ruling on the Defendant's motion for summary judgment, recommendation to the Commission on Judicial Performance for suspension and removal of the [trial court judge]."[8] (Capitalization omitted.) He adds that, "the evidence shows exactly how the trial court's ruling is founded on legal error and judicial misconduct," and goes on to say: "The trial court, by violating the Appellant's civil, constitutional and ADA rights has neglected its duty to public society and to the

---

[7] Under this heading, Horn principally discusses how, while attempting to file his notice designating the record on appeal, he was "met by stonewall discrimination." He refers to numerous court clerks and asserts there was "a collective effort put forth on behalf of the trial court to collectively disallow the Plaintiff to achieve fair administration of justice . . . ." We do not reach this contention as it is outside the record on appeal. We are governed by the record, and we must disregard statements of facts having no support in the record. (*Mitchell v. City of Indio* (1987) 196 Cal.App.3d 881, 890.)

[8] Contentions regarding the "recommendation to the Commission on Judicial Performance for suspension and removal of the trial court's judge . . . ." are not properly before us.

state of California in addition to failing and/or refusing to uphold and defend the U.S. Constitution."

To the extent Horn is challenging the grant of summary judgment, we simply note that " ' "[w]e review a grant of summary judgment de novo; we must decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law.  [Citation.]"  [Citation.]  Put another way, we exercise our independent judgment, and decide whether undisputed facts have been established that negate plaintiff's claims.' "  (*Lowery v. Kindred Healthcare Operating, Inc.* (2020) 49 Cal.App.5th 119, 123.)

Here, however, Horn makes no reference to the undisputed facts or their effect on his claims.  Given that Horn has, at best, raised a perfunctory challenge to the ruling, we conclude this claim too fails.  (See *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 ["Issues do not have a life of their own:  if they are not raised or supported by argument or citation to authority, we consider the issues waived"].)[9]

---

[9] In his reply brief, Horn appears to raise an additional contention that Wal-Mart filed "fabricated evidence" showing Horn was allowed to return to work after recovering from his work-related injury.  No citation to the record is provided.  Having no obligation to consider contentions raised for the first time in a reply brief, and seeing no good cause to do so here, we decline to reach this contention.  (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29 ["a point raised for the first time [in the reply brief] is deemed waived and will not be considered, unless good reason is shown for failure to present it before"].)

## DISPOSITION

The judgment is affirmed.  Horn shall pay Wal-Mart's costs on appeal.  (Cal. Rules of Court, rule 8.278.)

_____/s/_____
MURRAY, J.

We concur:

_____/s/_____
RAYE, P. J.

_____/s/_____
BLEASE, J.