Filed 12/20/22  Leigh v. Stephens Institute CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TINA MARIE VANDELEUR LEIGH, | B322623 |
| Plaintiff and Appellant, | (Santa Cruz County Super. Ct. No. CV181380) |
| v. | |
| STEPHENS INSTITUTE, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Santa Cruz County.  John M. Gallagher, Judge.  Affirmed.

Tina Marie Vandeleur Leigh, in pro. per., for Plaintiff and Appellant.

Vartain Law Group, Michael J. Vartain and Stacey L. Leask for Defendant and Respondent.

_____

Plaintiff and appellant Tina Marie Vandeleur Leigh appeals from a summary judgment (Code Civ. Proc., § 437c)[1] entered in favor of defendant and respondent Stephens Institute, Inc.  On appeal, plaintiff does not dispute the fact that she failed to oppose the motion.  Rather, she asserts that the trial court erred in denying her request to continue the motion (§ 437c, subd. (h)).[2]

We affirm.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Plaintiff also filed a "motion to allow new evidence and 'wait and see' for more."  She asks that we consider evidence outside the appellate record that purportedly demonstrates why a continuance should have been granted.  That motion is denied.  It is unsupported by any legal authority.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  To the extent the motion is a motion to augment the record, under California Rules of Court, rule 8.155, the appellate record may only be augmented by matters that were before the trial court, not matters outside the trial court record.  (See *Lewis v. YouTube, LLC* (2015) 244 Cal.App.4th 118, 124.)  While section 909 permits an appellate court to take evidence and make findings of fact on appeal, "[t]hat authority should be exercised sparingly . . . and absent exceptional circumstances, no such findings should be made.  [Citation.]  Further, such authority will not be exercised except to affirm the judgment."  (*In re Heather B.* (2002) 98 Cal.App.4th 11, 14.)

2

# FACTUAL[3] AND PROCEDURAL BACKGROUND

*Factual Background*

Defendant is an art and design university in San Francisco. Plaintiff matriculated at the university in 2009. At the time she enrolled, she agreed to the terms of the university's enrollment contract, which sets forth all of the terms and conditions of her matriculation. As is relevant to the issues raised in this appeal, the contract provides for a grievance procedure to review student complaints.

During plaintiff's tenure, she changed her major, took a leave of absence for personal reasons, challenged one grade she received, partially utilized the student grievance procedure to complain about an instructor—but did not attend the grievance meeting offered by the university, and changed her thesis.

Since spring 2014, plaintiff has not registered for any courses. She has not completed the nine credits remaining to finish the masters in fine art program.

*Complaint*

On March 27, 2015, plaintiff initiated this action. Her second amended complaint, the operative pleading, alleges eight causes of action against defendant: fraud, negligent misrepresentation, negligence, negligent hiring/supervision, breach of implied contract, breach of implied covenant of good faith/fair dealing, violation of unfair business practices, and violation of Consumer Legal Remedies Act. Her claims of fraud

---

[3] In summarizing the factual background of this dispute, we ignore all matters not supported by the appellate record. We also disregard plaintiff's inflammatory hyperbole and unwarranted attacks on the trial court. There is no evidence of judicial bias.

(first, second, seventh, and eighth causes of action) stem from alleged misrepresentations made by defendant to plaintiff.

In her negligence cause of action, plaintiff alleges that defendant was negligent "by not disclosing to her [the fact that] it would not be possible to complete her theses for which [defendant] did not employ faculty even qualified to teach this advanced level of work for Plaintiff's theses. Furthermore, that Defendant did not adequately compensate its instructors, or provide proper mechanism(s) or policies for instructors to properly handle her grievances."

Plaintiff further alleges that two of defendant's instructors were "unfit to perform."

In the fifth cause of action for breach of implied contract, plaintiff alleges that she "created an implied contract when she paid the $120 deposit to secure her placement in the courses . . . for which she had registered." Even though she "performed all conditions in accordance with the terms and policies," defendant "failed to secure her placement in courses at the graduate level." Her cause of action for breach of the implied covenant of good faith and fair dealing is based upon the same allegations.

*Motion for Summary Judgment*

On April 28, 2020, defendant moved for summary judgment. It argued that the undisputed material facts showed that defendant was entitled to judgment as a matter of law.

*No Opposition*

Plaintiff's opposition to the motion was due by July 7, 2020, but none was filed.

4

*Hearing; Trial Court Order; Judgment*

At the July 21, 2020, hearing, plaintiff made an oral request to continue the motion for summary judgment.

Ultimately, the trial court denied plaintiff's request for a continuance and granted defendant's unopposed motion. In so doing, it addressed each cause of action asserted and the evidence offered by defendant, finding: (1) As to the first and second causes of action, defendant "did not intentionally or negligently misrepresent a material fact which Plaintiff relied on to her detriment"; (2) As to the third cause of action, plaintiff failed to "allege any negligent conduct that is not delivery of student education in an academic setting, and therefore . . . has not stated a duty of care"; (3) As to the fourth cause of action, the challenged instructors "were fit and competent for the position[s] for which they were hired"; (4) As to the fifth and sixth causes of action, defendant's "decisions were based on academic criteria which is entitled to judicial non-interference" and "[p]laintiff failed to exhaust administrative remedies and perform under the contract"; and (5) As to the seventh and eighth causes of action, defendant "did not make any false[,] [d]eceptive or misleading material representations relied on by Plaintiff."

Regarding the request for a continuance, the trial court determined that plaintiff had not established good cause: "The plaintiff made this oral request pursuant to CCP 437c(b)(1) based upon an alleged agreement in 2016 related to a trial continuance occurring at that time. The oral motion was not made with reference to CCP 437c(h) and no contention was made that time was needed to procure additional evidence. The plaintiff also suggested that a continuance should be granted because of a dispute regarding scheduling [a] Case Management Conference.

5

Plaintiff also mentioned a written motion to continue had been filed around 5AM, the morning of the summary judgment hearing."

Judgment was entered.

*Appeal*

This timely appeal ensued.

## DISCUSSION

I. *Standards of review*

A party in a civil case is entitled to summary judgment if it can "show that there is no triable issue as to any material fact and that [it] is entitled to a judgment as a matter of law." (§ 437c, subd. (c).) The party seeking summary judgment bears the initial burden of establishing that a cause of action has "no merit" by showing either that the opposing party cannot establish "[o]ne or more of the elements of [its] cause of action" or by showing a valid affirmative defense. (§ 437c, subds. (o) & (p)(2).) If this burden is met, the "burden shifts" to the party opposing summary judgment "to show that a triable issue of one or more material facts exists as to that cause of action or [an affirmative] defense." (*Ibid*.; *Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 123 [court may not grant unopposed summary judgment motion unless moving party carries its initial burden]; *Harman v. Mono General Hospital* (1982) 131 Cal.App.3d 607, 613 [same].) "'There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.'" (*Burgueno v. Regents of University of California* (2015) 243 Cal.App.4th 1052, 1057.) We review a trial court's grant of summary judgment de novo; what matters is the court's ruling, not its reasoning. (*Id*. at p. 1057.)

6

"'In independently reviewing a motion for summary judgment, we apply the same three-step analysis used by the superior court. We identify the issues framed by the pleadings, determine whether the moving party has negated the opponent's claims, and determine whether the opposition has demonstrated the existence of a triable, material factual issue.' [Citation.]" (*Granadino v. Wells Fargo Bank, N.A.* (2015) 236 Cal.App.4th 411, 415.)

We review a trial court's decision regarding a continuance under section 437c, subdivision (h), for an abuse of discretion. (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 100.) "Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598.)

II. *Trial court properly granted defendant's motion for summary judgment*

A. <u>No triable issue of material fact</u>

Applying these legal principles, we readily conclude that the trial court properly granted defendant's motion for summary judgment.[4]

1. *Fraud and negligent misrepresentation*

The prima facie elements of a cause of action for fraud are (1) a misrepresentation (false representation, concealment, or nondisclosure), (2) knowledge of falsity, (3) intent to defraud, i.e.,

---

[4] In reaching this conclusion, we do not consider arguments raised in plaintiff's appellate briefs that are outside the scope of the allegations of plaintiff's second amended complaint.

7

to induce reliance, (4) justifiable reliance, and (5) resulting damage.  (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.)  The elements of negligent misrepresentation are similar, but this tort does not require scienter or intent to defraud.  (*Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 173.)

As demonstrated by the separate statement and supporting evidence, it is undisputed that defendant did not misrepresent a material fact upon which plaintiff detrimentally relied.  Absent these key elements, plaintiff's claims fail.

2.  *Negligence*

The elements of a cause of action for negligence are well-settled:  "(1) facts showing a duty of care in the defendant, (2) negligence constituting a breach of the duty, and (3) injury to the plaintiff as a proximate result."  (*Peter W. v. San Francisco Unified School Dist.* (1976) 60 Cal.App.3d 814, 820.)  The duty of care is "an essential factor in any assessment of liability for negligence."  (*Id.* at p. 822.)  "[W]hether a defendant owes the requisite 'duty of care,' in a given factual situation, presents a question of law which is to be determined by the courts alone."  (*Ibid.*)

In this context, we must also be mindful of "[t]he so-called rule of 'judicial nonintervention in scholastic affairs.'"  (*Wong v. Regents of University of California* (1971) 15 Cal.App.3d 823, 830 (*Wong*).)  "'It has been said that courts do not interfere with the management of a school's internal affairs unless "there has been a manifest abuse of discretion or where [the school officials'] action has been arbitrary or unlawful," [citation], or unless the school authorities have acted "arbitrarily or capriciously," [citation], or unless they have abused their discretion, [citation], or acted in "bad faith.""'"  (*Wong, supra*, at p. 830.)

8

Here, plaintiff does not allege any sort of duty owed by defendant to her. Rather, all she alleges in general terms is that defendant was negligent "by not disclosing to her that it would not be possible to complete her theses" and that defendant failed to "adequately compensate its instructors, or provide proper mechanism(s) or policies for instructors to properly handle her grievances."

These allegations are insufficient to establish a duty of care as a matter of law. "We find in this situation no conceivable 'workability of a rule of care' against which defendant['s] alleged conduct may be measured [citation], no reasonable 'degree of certainty that . . . plaintiff suffered injury' within the meaning of the law of negligence [citation], and no such perceptible 'connection between the defendant's conduct and the injury suffered,' as alleged, which would establish a causal link between them within the same meaning. [Citation.]" (*Peter W. v. San Francisco Unified School Dist.*, *supra*, 60 Cal.App.3d at p. 825.)

### 3. *Negligent hiring/supervision*

"[I]n California, an employer can be held liable for negligent hiring if he knows the employee is unfit, or has reason to believe the employee is unfit or fails to use reasonable care to discover the employee's unfitness before hiring him." (*Evan F. v. Hughson United Methodist Church* (1992) 8 Cal.App.4th 828, 843.)

It is undisputed that the two challenged instructors were fit and competent for the positions for which they were hired. Thus, this cause of action fails as a matter of law.

9

4. *Breach of implied contract and breach of the implied covenant of good faith and fair dealing*

In the fifth cause of action, plaintiff alleges that "[she] created an implied contract when she paid the $120 deposit to secure her placement in . . . courses." Aside from the fact that plaintiff could not unilaterally create an implied contract with defendant, the undisputed evidence shows that plaintiff and defendant were parties to the university's enrollment contract. That contract provides all of the terms of the student's employment, including a grievance procedure to adjudicate complaints. Although plaintiff submitted a grievance, she declined to attend the grievance meeting offered by the university. As such, she failed to exhaust her administrative remedies, and her contractual claims fail as a matter of law.[5] (*Westlake Community Hosp. v. Superior Court* (1976) 17 Cal.3d 465, 475.)

Because the breach of contract claim fails, so too does the derivative claim for breach of the implied covenant of good faith and fair dealing. (*Bionghi v. Metropolitan Water Dist.* (1999) 70 Cal.App.4th 1358, 1370 [where "the claim of breach of the implied covenant relies on the same acts, and seeks the same damages, as its claim for breach of contract," summary adjudication is affirmed on the ground that "the cause of action for breach of the implied covenant is duplicative of the cause of action for breach of contract, and may be disregarded"].)

---

[5] These claims also fail pursuant to the aforementioned "rule of 'judicial nonintervention in scholastic affairs.'" (*Wong, supra,* 15 Cal.App.3d at p. 830.)

10

5. *Statutory claims*

The seventh and eighth causes of action allege violation of the Unfair Business Practices Act and violation of the Consumer Legal Remedies Act, respectively. "Business and Professions Code section 17200 proscribes three types of unfair business practices—acts or practices which are unlawful, unfair, or fraudulent." (*People ex rel. Trutanich v. Joseph* (2012) 204 Cal.App.4th 1512, 1525.) Similarly, the Consumer Legal Remedies Act "declares unlawful a variety of 'unfair methods of competition and unfair or deceptive acts or practices' used in the sale or lease of goods or services to a consumer. (Civ. Code, § 1770, subd. (a).)" (*Bower v. AT&T Mobility, LLC* (2011) 196 Cal.App.4th 1545, 1556.)

As set forth above, in the undisputed separate statement and in the supporting evidence, defendant did not make any false or deceptive statements to plaintiff. It follows that these claims fail.

B. <u>Trial court did not err in denying plaintiff's oral request for a continuance</u>

Urging us to reverse, plaintiff does not dispute the fact that she offered no opposition or opposing evidence in response to defendant's motion. Rather, she argues that the trial court erred in denying her request for a continuance. Specifically, she argues, without evidentiary support, that there was good cause to grant a continuance based upon "evidence of federal criminal obstruction, judicial bias, and collusion." (Bolding & capitalization omitted.) Her contention fails.

1. *Relevant law*

"'In seeking a continuance of a summary judgment motion, a plaintiff has essentially two options. The first option is to

11

comply with section 437c, subdivision (h), which states, "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due.'" [Citation.]" (*Levingston v. Kaiser Foundation Health Plan, Inc.* (2018) 26 Cal.App.5th 309, 315.)

The declarations of the party seeking the continuance must show: "'(1) "Facts establishing a likelihood that controverting evidence may exist and why the information sought is essential to opposing the motion"; (2) "The specific reasons why such evidence cannot be presented at the present time"; (3) "An estimate of the time necessary to obtain such evidence"; and (4) The specific steps or procedures the opposing party intends to utilize to obtain such evidence.'"" (*501 East 51st Street, Etc. v. Kookmin Best Ins. Co., Ltd.* (2020) 47 Cal.App.5th 924, 939 (*501 East 51st Street*).)

"'Where a plaintiff cannot make the showing required under section 437c, subdivision (h), a plaintiff may seek a continuance under the ordinary discretionary standard applied to requests for a continuance. [Citation.] This requires a showing of good cause. [Citation.]' [Citation.]" (*Levingston v. Kaiser Foundation Health Plan, Inc.*, *supra*, 26 Cal.App.5th at p. 315.)

12

2. *Analysis*

Here, the trial court properly denied plaintiff's request for a continuance under section 437c, subdivision (h).  As mentioned, any request for such a continuance had to be submitted on or before the opposition was due.  That did not happen here. Moreover, the trial court could reasonably have found that the essential facts could have been presented—by filing a timely opposition—but they simply had not been.  In fact, plaintiff never submitted the requisite declaration with reasons why facts essential to justify the opposition were not presented.  (*501 East 51st Street*, *supra*, 47 Cal.App.5th at p. 939.)  Counsel did not even mention these reasons in his oral request to continue the hearing on the motion.

Moreover, the trial court did not abuse its discretion in denying plaintiff's request for a continuance.  As the trial court aptly found, she did not demonstrate good cause.  Counsel offered no explanation for the failure to timely file an opposition to defendant's motion.  He also did not provide any argument as to what discovery was purportedly required to oppose the motion.

It follows that plaintiff's due process rights were not violated.

13

# DISPOSITION

The judgment is affirmed.  Defendant is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
HOFFSTADT