Filed 2/7/17 Certified for Publication 2/14/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VANESSA HAMILTON,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ORANGE COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant and Respondent. | G051773<br><br>(Super. Ct. No. 30-2013-00688296)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David Chaffee, Judge.  Reversed.

Law Offices of Akudinobi & Ikonte, Emmanuel C. Akudinobi, and Chijioke O. Ikonte for Plaintiff and Appellant.

Lawrence Beach Allen & Choi, David D. Lawrence, Christina M. Sprenger, and Daniel S. Cha for Defendant and Respondent.

\*        \*        \*

This appeal arises from an uncontested summary judgment. Plaintiff contends the court erred by not accepting the parties' stipulation to continue the hearing on defendant's summary judgment motion and the trial for 60 days. The parties had agreed to these continuances to allow plaintiff to take depositions of the witnesses whose declarations had been submitted in support of defendant's pending summary judgment motion. Plaintiff had timely noticed these depositions but they could not go forward because defendant's counsel was engaged in trial. The court had earlier granted defendant's ex parte motion to continue the trial so that defendant's summary judgment motion could be heard. Under these circumstances, we conclude the court abused its discretion by failing to accommodate counsel's joint request for a further 60-day continuance. Accordingly, we reverse the judgment.

PROCEDUAL HISTORY

Because the bulk of plaintiff's appeal concerns procedural matters, we focus our attention on the procedural timeline leading up to the court's ruling. We will address the evidence in support of the summary judgment in the discussion section below.

November 19, 2013: Plaintiff filed the present employment discrimination lawsuit against the Orange County Sheriff's Department (the Sheriff). Plaintiff alleged she is a female African-American who was denied graduation from the Sheriff's academy on the basis of her race, and was then denied reinstatement in her prior position with the Sheriff as a correctional service assistant on the basis of her race.

January 15, 2014: The Sheriff answered.

March 19, 2014: The Sheriff filed a case management statement anticipating filing a motion for summary judgment.

March 26, 2014:  Plaintiff filed a case management statement anticipating completion of all discovery by October 2014.

April 3, 2014:  At a case management conference, the court set a trial date of January 26, 2015.  By operation of Code of Civil Procedure section 2024.020, subdivision (a), the discovery cutoff was December 29, 2014.[1]  And by operation of section 437c, subdivision (a)(3), the last day on which a summary judgment motion could be heard was December 26, 2014.  Assuming any summary judgment motion would be personally served on counsel, the last day to file a summary judgment motion would be October 13, 2014.[2]  (§ 437c, subd. (a)(2).)

May 9, 2014:  Plaintiff served written discovery.

October 10, 2014:  The Sheriff moved for summary judgment, setting the hearing for January 30, 2015, four days *after* the scheduled trial date.  By operation of section 437c, subdivision (b)(2), the last date to file an opposition was January 16, 2015.

October 24, 2014:  The Sheriff moved ex parte to continue the trial date so as to allow the summary judgment motion to be heard at least 30 days before trial. Counsel explained that because of the court's requirement that hearing dates be reserved, he was unable to reserve a hearing date for the summary judgment motion earlier than January 30, 2015.  The court granted the Sheriff's ex parte application to continue the trial date to March 2, 2015.

December 1, 2014:  Plaintiff served deposition notices, setting the date for December 12, 2014.

December 3, 2014:  The Sheriff objected to the deposition notices on the ground that the date was set without prior consultation and counsel would be unavailable

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] The December 26 and October 13 dates fell on the Monday following the arithmetic deadline by reason of section 12a.

due to another trial; also, the document requests were overbroad. The objection stated, "Notwithstanding the above, counsel have discussed this deposition and defense counsel agrees to provide Plaintiff with mutually agreeable dates as soon as all appropriate witnesses are ascertained and their schedules are confirmed. In the interim, the deposition of Orange County Sheriff's Department's Person Most Knowledgeable currently scheduled for December 12, 2014, cannot proceed as noticed."

December 29, 2014 (the discovery cutoff date): Plaintiff's counsel e-mailed defense counsel requesting available dates for the previously noticed depositions.

January 8, 2015: Plaintiff's counsel e-mailed defense counsel noting he was still waiting for available dates for the depositions.

January 12, 2015: Plaintiff's counsel again e-mailed defense counsel, stating, "What is the status of your witnesses regarding the PMK and other depositions? [¶] As you well know, the summary judgment opposition is due this Friday and we cannot proceed without the necessary depositions which were put off because of your trial. [¶] Are you guys amenable to a stipulation to continue the summary judgment hearing date and trial because of the discovery issues or would you rather have me bring this to the attention of the court via an *ex parte* petition?"

January 14, 2015: A stipulation and proposed order was filed to continue the hearing on the summary judgment motion and the trial date for two months. The stipulation articulated three bases providing good cause to grant the continuance. First, the parties had recently finished a mandatory settlement conference and were hopeful the matter would settle. Second, plaintiff had noticed but not taken depositions. "The inability to complete the depositions was because of calendar conflict of the Defendant's counsels who were engaged in a trial in early to mid-December and as such were unavailable . . . to defend the depositions." Third, in light of the potential settlement, the parties sought to conserve costs.

January 16, 2015 (the deadline for summary judgment opposition): Plaintiff did not file any opposition to the motion for summary judgment.

January 21, 2015:  The court "denied" the stipulation.

January 30, 2015:  The court held oral argument on the motion for summary judgment and granted the motion.  With regard to the stipulation, the court's ruling stated, "Sixteen days before the hearing, the parties submitted a stipulation to continue the hearing and trial so that Plaintiff could complete discovery.  There was no showing of diligence in the stipulation.  The Court declined to sign the proposed stipulation order, and Plaintiff did not file a subsequent ex parte motion for a continuance.  The stipulation establishes that Plaintiff has not made a conscious choice to not respond to the motion so it cannot be granted solely for lack of opposition under *Sacks v. FSR Brokerage Inc.* (1992) 7 Cal.App.4th 950.  Therefore, the papers must be examined to determine if Defendant has met its burden of proof to establish that there is no triable issue of fact."

February 20, 2015:  The court entered judgment.

February 23, 2015:  Plaintiff served a "Notice of Motion and Motion for Reconsideration of Order Granting the Defendant's Motion for Summary Judgment; Or in the Alternative Motion for **Mandatory Relief** From the Judgment in Favor of the Defendant – County of Orange."  (Emphasis added.)[3]  The alternative motion was pursuant to section 473, subdivision (b), and it concerned only mandatory relief under that section, not discretionary relief.

March 27, 2015:  The court denied the motion for reconsideration/relief on the basis that the judgment was not a default judgment or dismissal.  The court also stated, "Assuming failure to oppose the motion for summary judgment could be deemed a default, it was not the result of counsel's mistake, inadvertence, surprise or neglect.  The

---

[3]     On appeal, plaintiff does not contend the court erred in denying reconsideration.

5

proposed stipulation shows that a conscious decision not to oppose the motion was made."

Plaintiff timely appealed from the judgment and subsequent order denying the motion for reconsideration/relief.

DISCUSSION

The court denied the continuance based on plaintiff's lack of diligence. Under the circumstances, that was an abuse of discretion.

In seeking a continuance of a summary judgment motion, a plaintiff has essentially two options. The first option is to comply with section 437c, subdivision (h), which states, "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due." "The drafters' inclusion of the italicized words 'may' and 'shall' leaves little room for doubt that such continuances are to be liberally granted. Indeed, as one court noted, 'an opposing party can compel a continuance of a summary judgment motion' by making a declaration meeting the requirements of section 437c, subdivision (h)." (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395-96).)

Where a plaintiff cannot make the showing required under section 437c, subdivision (h), a plaintiff may seek a continuance under the ordinary discretionary standard applied to requests for a continuance. (*Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 170.) This requires a showing of

good cause.  (*Id.* at pp. 170-171.)  "[I]n deciding whether to continue a summary judgment to permit additional discovery courts consider various factors, including (1) how long the case has been pending; (2) how long the requesting party had to oppose the motion; (3) whether the continuance motion could have been made earlier; (4) the proximity of the trial date or the 30-day discovery cutoff before trial; (5) any prior continuances for the same reason; and (6) the question whether the evidence sought is truly essential to the motion."  (*Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238 Cal.App.4th 632, 644 (*Chavez*).)

Plaintiff plainly did not fulfill the requirements of section 437c, subdivision (h).  She did, however, make a showing of good cause.  Plaintiff sought to depose the witnesses who submitted declarations in conjunction with the summary judgment motion.  These witnesses were obviously essential to the motion.  Those depositions were noticed a month and a half prior to the opposition due date.  Defense counsel was in trial at that time, and as a courtesy plaintiff's counsel agreed to postpone the depositions.  When plaintiff's counsel sought deposition dates again towards the end of December, he was ignored by defense counsel for two weeks.  Then defense counsel, in an apparent concession of fault, stipulated to a continuance.  While that stipulation was, of course, not binding on the court, principles of encouraging civility, encouraging the settlement discussions that were ongoing, and disposing of cases on their merits counseled in favor of accepting it, absent some good reason for rejecting it.

The reason the court gave was lack of diligence.  We recognize that plaintiff's counsel was not optimally diligent.  He could have noticed depositions sooner after receiving the summary judgment motion.  He could have followed up with defense counsel earlier in December.  And he certainly could have better attended to the procedural details of obtaining a continuance.

But this relatively minor lack of diligence did not justify the substantial injustice the court's order created.  (*See Chavez, supra,* 238 Cal.App.4th at p. 644 [one-

7

month delay in deposing key witness did not justify denial of continuance of summary judgment to depose witness].)  Defendant obtained a judgment not on the merits of the case, but on its ability to postpone depositions past the point of no return.  Which is not to suggest defendant intentionally undermined plaintiff's ability to respond — the stipulation proves otherwise — but the net result was injustice.

The injustice was magnified by the Sheriff's dilatory filing of a motion for summary judgment on next to the last possible date, thereby necessitating a continuance of the trial date to allow the motion to be heard.  The court granted relief to the Sheriff to accommodate that problem, but then denied plaintiff's need for relief which was also caused by defendant's objection to attending plaintiff's duly noticed depositions.  The disparate treatment of counsel's respective problems was unnecessary and tilted the scales of justice sharply in favor of the Sheriff.

We recognize that trial courts are under pressure to process cases within the timelines required by the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.), and to "[a]dopt and utilize a firm, consistent policy against continuances, to the maximum extent possible and reasonable, in all stages of the litigation."  (Gov. Code, § 68607, subd. (g).)  As that statute indicates, however, the policy must be reasonable. Plaintiff had not sought any prior continuances.  And at the time of the hearing, this case was not particularly old — 14 months, which was beyond the 12-month goal, but left plenty of time to still meet the 18-month goal.  (See Cal. Stds. Jud. Admin., § 2.2(f)(1).) Where denial of a continuance would result in manifest injustice, as it did here, the policy disfavoring continuances must give way.  (*Chavez, supra*, 238 Cal.App.4th at p. 644 ["""[j]udges are faced with opposing responsibilities when continuances for the hearing of summary judgment motions are sought.  On the one hand, they are mandated by the Trial Court Delay Reduction Act [citation] to actively assume and maintain control over the pace of litigation.  On the other hand, they must abide by the guiding principle of deciding cases on their merits rather than on procedural deficiencies.  [Citation.]  Such

8

decisions must be made in an atmosphere of substantial justice.  When[, as here,] the two policies collide head-on, the strong public policy favoring disposition on the merits outweighs the competing policy favoring judicial efficiency"'"'"].)

DISPOSITION

The judgment is reversed.  Plaintiff shall recover her costs incurred on appeal.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.


9

Filed 2/14/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VANESSA HAMILTON, | |
| Plaintiff and Appellant, | G051773 |
| v. | (Super. Ct. No. 30-2013-00688296) |
| ORANGE COUNTY SHERIFF'S DEPARTMENT, | O R D E R |
| Defendant and Respondent. | |

On the court's own motion, the above-entitled unpublished opinion, filed on February 7, 2017, is certified for publication in the Official Reports. The opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.