Filed 7/7/21  Waters v. Kohl's Department Stores CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| CRYSTAL WATERS et al., | B300638 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC650906) |
| v. | |
| KOHL'S DEPARTMENT STORES, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elihu M. Berle, Judge.  Reversed and remanded with directions.

Esensten Law, Robert L. Esensten and Jordan S. Esensten for Plaintiffs and Appellants.

Kelley Drye & Warren, Lauri A. Mazzuchetti, Tahir L. Boykins and Rebecca J. Wahlquist for Defendant and Respondent.

————————————

# INTRODUCTION

Crystal Waters and Tony Valenti (together, Waters) appeal the judgment entered after the trial court granted Kohl's Department Stores' motion for a "no-merit" determination pursuant to Civil Code[1] section 1781, subdivision (c)(3), on Waters's Consumers Legal Remedies Act cause of action, and Kohl's' subsequent motion for judgment on the pleadings on Waters's remaining causes of action. Waters argues the trial court erred in several respects, including by denying Waters's request to continue the no-merit motion hearing to enable Waters to conduct necessary discovery. We agree and reverse the judgment.

# FACTUAL AND PROCEDURAL HISTORY

## A. *Kohl's Cash*

Kohl's allows customers to earn $10 in "Kohl's Cash" usable on a future transaction for each $50 spent at Kohl's. The Kohl's Cash certificates have expiration dates and other terms and conditions. The front of the certificate lists the dates on which the certificate is valid and directs the holder to "[s]ee back for details and exclusions."

## B. *The Complaint*

In this proposed class action, Waters alleges Kohl's Cash misleads consumers because, despite its name and appearance, Kohl's does not treat Kohl's Cash as "actual cash," but rather applies Kohl's Cash to certain purchases and returns in a manner that causes customers to overpay for goods. With respect to

---

[1]    Unless otherwise designated all further statutory references are to the Civil Code.

purchases, Waters alleges Kohl's applies Kohl's Cash to purchases before it applies any percent-off discounts, which deprives customers of the "full amount and benefit" of the Kohl's Cash "and/or" the advertised discount. With respect to returns, Waters alleges that when customers return items that earned them Kohl's Cash, or items that customers purchased with Kohl's Cash, Kohl's deducts the "full amount" of the Kohl's Cash from the refund amount, "even though the customer was only able to utilize a *portion* of that Kohl's Cash to purchase the item," due to Kohl's' alleged practice of applying Kohl's Cash to purchases before applying any percent-off discounts.

As an example of her purchase allegations, Waters alleges that if a customer who earns $60 in Kohl's Cash from the purchase of a $300 blender then purchases a $100 toaster on sale for 20 percent off, Kohl's first deducts $60 in Kohl's Cash from the $100 purchase price, and then applies the 20 percent discount to the remaining $40 purchase price, leaving the customer to pay $32 for the toaster. If Kohl's applied the 20 percent discount to the $100 purchase price before deducting $60 in Kohl's Cash, the customer would pay $20 for the toaster. Waters alleges that this example demonstrates that "[t]he customer has lost $12," effectively turning what appears to be $60 in Kohl's Cash into $48 in Kohl's Cash.

As an example of her return allegations, Waters alleges that "even though the customer receives the benefit of only $48 in Kohl's Cash from the $60 certificate," when the customer later returns the $300 blender, Kohl's deducts $60 from the $300 refund price, thereby returning only $240 to the customer. According to Waters, the customer "has now paid $92 [$32 + $60] for a toaster that would have cost him or her no more than $80 if

he or she had never used Kohl's Cash," and Kohl's has retained $12.

Waters alleges Kohl's' labeling and application of Kohl's Cash violate the Consumers Legal Remedies Act (CLRA) (§ 1750 et seq.), the unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et seq.), and the false advertising law (FAL) (Bus. & Prof. Code, § 17500 et seq.). Waters also alleges a separate cause of action for restitution.

C.    *The Demurrer to the Complaint and Waters's Efforts To Obtain Discovery*

Waters filed her complaint on February 15, 2017. Kohl's removed the case to federal court on March 27, 2017. The federal court remanded the case to the superior court on July 3, 2017.

Kohl's filed a demurrer to the complaint on September 28, 2017. Kohl's argued that Waters's CLRA, UCL, and FAL causes of action did not allege facts sufficient to state causes of action because no reasonable consumer would be misled by the Kohl's Cash certificates, and because the back of the certificates disclosed the terms and conditions of their use. Kohl's argued Waters's restitution cause of action failed to state a claim because restitution is not a separate cause of action.

The trial court overruled Kohl's' demurrer on November 20, 2017 "consistent with the ruling made in open court."[2] The court ordered Kohl's to answer the complaint by January 16, 2018, and to file a motion for summary judgment or summary adjudication by the same date. The court ordered Waters to file any opposition to Kohl's' summary judgment motion by February 28,

---

[2]    The record does not contain a copy of a transcript of the November 20, 2017 demurrer hearing.

4

2018, and to file a motion for class certification by March 15, 2018. The court scheduled the hearings on Kohl's' summary judgment motion and Waters's motion for class certification for April 25, 2018.

Kohl's removed the case to federal court a second time on January 19, 2018. The federal court remanded the case to the superior court a second time on April 9, 2018.

On May 18, 2018, the parties filed a joint statement addressing Waters's request for an informal discovery conference to address certain of Kohl's' discovery responses. When the parties filed the joint statement, Kohl's had already deposed both plaintiffs. Kohl's objected to the scheduling of an informal discovery conference.

In Waters's portion of the joint statement, she stated the parties had a discovery dispute about Waters's request for "documents and information directly related to class certification," including the identities of persons with knowledge of the conduct Waters contended was deceptive, internal Kohl's documents and communications about "the advertising, labels, and policies [Waters] contend[ed] [were] deceptive," Kohl's' past legal proceedings concerning Kohl's Cash, the identities of known class members, and "the facts supporting Kohl's['] defenses to class certification."

In Kohl's' portion of the joint statement, Kohl's stated it should not be required to provide any of the discovery Waters sought because Kohl's would shortly file a summary judgment motion, which would dispose of Waters's case. Kohl's asserted Waters "should have to identify what additional discovery, if any, [she] believe[s] is necessary before the Court can adjudicate [Kohl's' summary judgment] motion."

5

D.     *The Summary Judgment Motion and Waters's Efforts To Obtain Discovery*

Kohl's filed its summary judgment motion on May 23, 2018. In support of the motion, Kohl's submitted a declaration from Kohl's employee Robin Bunkers which attached examples of Kohl's Cash certificates and copies of Kohl's transaction records for the two plaintiffs. Kohl's also submitted excerpts from the plaintiffs' deposition transcripts.[3]

Citing the plaintiffs' deposition testimony, Kohl's argued summary judgment should be granted on Waters's CLRA, UCL, and FAL causes of action because undisputed facts showed that "Kohl's processed Plaintiffs' Kohl's Cash coupons exactly as the terms and conditions stated on those coupons promised," and a reasonable consumer would not understand Kohl's Cash to be treated as actual cash.[4]

After Kohl's filed its motion, but before Waters filed her opposition, the court held an informal discovery conference on

---

[3]     Kohl's' notice of motion does not address Waters's separate restitution cause of action.

[4]     Kohl's also argued no reasonable consumer could be misled by Kohl's Cash because disclosures printed on the back of the certificates allegedly "clearly disclosed the relevant conditions." The Kohl's Cash certificate cited by Kohl's states: "Kohl's Cash coupons and other dollar-off discounts will be applied prior to percent-off total purchase discounts/coupons. . . . If merchandise purchased earning a Kohl's Cash coupon is subsequently returned or price adjusted, the value of the Kohl's Cash coupon previously earned and/or the amount of the merchandise refund will be reduced to reflect any unearned value. Return value of merchandise purchased with a Kohl's Cash coupon may be subject to adjustment."

May 31, 2018.  The court extended Waters's deadline to file motions to compel responses to certain written discovery to August 31, 2018; scheduled a status conference for July 2, 2018; and continued the informal discovery conference to August 13, 2018, the same day as the hearing on Kohl's' summary judgment motion.

The parties filed a joint status report before the July 2, 2018 status conference.  Waters stated that to oppose Kohl's' summary judgment motion, she required discovery about whether Kohl's' conduct was likely to deceive a reasonable consumer, including complaints about Kohl's Cash and identification of persons with knowledge of Kohl's Cash.  Kohl's asserted Waters's description of the discovery she needed to oppose the summary judgment motion was not sufficiently specific, and "other than any specific discovery that must occur in order for the Court to be able to adjudicate Kohl's['] summary judgment motion, no other discovery should occur."  The trial court vacated the July 2, 2018 status conference.

Waters filed her opposition to Kohl's' summary judgment motion on July 30, 2018.  Waters submitted declarations from both plaintiffs in which each stated that based on the name and appearance of the Kohl's Cash certificates, each "believed and expected that Kohl's would treat Kohl's Cash as actual cash at its stores and on its website and would apply Kohl's Cash after the percent-off discount."  Both stated they did not know they were "not receiving the full benefit of the stated value of Kohl's Cash and the stated value of the percent-off discount."  Both also stated they did not know that when returning items, Kohl's "subtracted the entire amount of Kohl's Cash from the refund price," even though each plaintiff "was only able to redeem a

7

portion of the Kohl's Cash due to Kohl's['] policy of applying Kohl's Cash prior to the percent-off discount."

Waters also submitted a declaration from a marketing expert, Thomas J. Maronick, in which Maronick set forth the results of a survey he performed of California Kohl's customers who had received and used Kohl's Cash. Maronick opined that based on his survey results, Kohl's customers who used Kohl's Cash "expect the Kohl's Cash to be applied to the discounted/sale price of an item they're purchasing," and that "if Kohl's['] practice, as alleged, is to apply the Kohl's Cash before application of any sale or discount from the retail price, then Kohl's is misleading consumers to their detriment."

Waters argued that Kohl's' summary judgment motion should be denied because it did not dispose of all of Waters's causes of action, including because summary judgment could not be granted against her CLRA cause of action pursuant to section 1781, subdivision (c).[5] Waters also argued that triable issues of fact precluded summary judgment. Waters asked that, if the court did not deny the motion, it continue the motion hearing pursuant to Code of Civil Procedure section 437c, subdivision (h), to allow Waters to conduct discovery "because [Waters's] outstanding discovery requests, such as consumer complaints and prior lawsuits filed by various states' attorney generals [*sic*], will

---

[5] Section 1781, subdivision (c), provides: "A motion based upon Section 437c of the Code of Civil Procedure shall not be granted in any action commenced as a class action pursuant to subdivision (a)" of section 1781. Instead, pursuant to section 1781, subdivision (c)(3), a court may determine whether a CLRA "action is without merit or there is no defense to the action."

8

help [Waters] prove that Kohl's['] conduct is 'likely to deceive' the public."[6]

The trial court denied Kohl's' motion "for the reasons set forth in open court." The court's minute order states that it "finds that there are triable issues of material fact." According to the parties' agreed statement,[7] the court ruled summary judgment could not be granted on Waters's CLRA claim because Kohl's had not filed a no-merit motion against that claim, as required by section 1781, subdivision (c)(3). The court sustained Waters's objection to Bunkers's declaration and its exhibits because Bunkers had not signed the declaration under penalty of perjury "under the laws of the State of California," as required by Code of Civil Procedure section 2015.5, subdivision (b).

The court also ruled that "[a]ssuming arguendo that Kohl's['] evidence was admissible," Kohl's had not satisfied its summary judgment burden because Kohl's did not "submit evidence as to whether a reasonable consumer would read the disclosures on the back of the Kohl's Cash certificate or whether a reasonable consumer would understand those disclosures." The court found the plaintiffs' deposition testimony "does not show

---

[6] Waters's counsel appears to have filed a declaration in opposition to Kohl's' summary judgment motion in which counsel addressed Waters's request for a continuance of the summary judgment hearing to conduct discovery to oppose the motion. The record does not contain a copy of the declaration.

[7] A court reporter was not present at the summary judgment hearing. The parties prepared an agreed statement pursuant to California Rules of Court, rule 8.134 regarding the trial court's ruling. This court granted Waters's unopposed motion to augment the appellate record with a copy of the agreed statement.

9

that there is no disputed fact issue about whether consumers are likely to be deceived," and Kohl's had not "negate[d] the 'unfair' or 'unlawful' prongs of the UCL." The court identified "[t]riable issues of material fact [to] include whether a reasonable consumer would read the disclosures on the back of the Kohl's Cash certificate and whether a reasonable consumer would understand the significance of those disclosures." The court further found that even if Kohl's had carried its initial summary judgment burden, Waters satisfied her burden of submitting evidence showing triable issues of fact by submitting Maronick's survey evidence.

E.    *The No-merit Motion and Waters's Efforts To Obtain Discovery*

On August 3, 2018, before the August 13, 2018 hearing on Kohl's' summary judgment motion, and in response to Waters's argument in her summary judgment opposition that section 1781, subdivision (c), precluded summary judgment of a CLRA cause of action, Kohl's filed a motion pursuant to section 1781, subdivision (c)(3), for a determination that Waters's CLRA cause of action had no merit. Kohl's' motion was identical in significant respects to its summary judgment motion. Again citing the plaintiffs' deposition testimony, Kohl's argued the court should find the CLRA cause of action without merit because undisputed facts showed that "Kohl's processed Plaintiffs' Kohl's Cash coupons exactly as the terms and conditions stated on those coupons promised," and a reasonable consumer would not understand Kohl's Cash to be treated as actual cash. Kohl's submitted the same Bunkers declaration with the same attached examples of Kohl's Cash certificates and copies of the plaintiffs' Kohl's transaction records, but with a corrected attestation.

10

Kohl's also submitted the same excerpts from the plaintiffs' deposition transcripts.

In her opposition to the no-merit motion, filed seven days after the trial court denied Kohl's' summary judgment motion, Waters argued the court's denial of Kohl's' summary judgment motion required denial of the no-merit motion, and the same triable issues of fact the court found precluded summary judgment also precluded a no-merit finding on the CLRA cause of action. Waters also submitted a copy of the same Maronick declaration she had submitted in opposition to Kohl's' summary judgment motion.

In its August 24, 2018 reply, Kohl's sought a continuance of the August 31, 2018 hearing on its no-merit motion to enable Kohl's to depose Maronick. Kohl's argued it had "had no opportunity to address [the Maronick survey] through expert discovery," and should the court find that Maronick's declaration created triable issues of fact for the no-merit motion, the court "should postpone consideration of [Kohl's'] [n]o-[m]erit [m]otion pending the completion of expert discovery." Kohl's asserted that "[d]ue process requires that Kohl's be provided a full and fair opportunity to depose Dr. Maronick." Kohl's also submitted another declaration from Bunkers in which she stated that Kohl's applies percent discounts to purchases before applying Kohl's Cash.

After hearing argument on August 31, 2018, the trial court continued the no-merit motion hearing so Kohl's could depose Maronick. On October 15, 2018, while Kohl's' no-merit motion

remained pending, the court denied Waters's ex parte application to compel the deposition of Kohl's' person most qualified witness.[8]

Kohl's deposed Maronick on October 19, 2018. On October 31, 2018 Waters served Kohl's with a second Maronick declaration and survey. In his second survey, Maronick surveyed California Kohl's customers who had received and used Kohl's Cash about their understanding and expectations about Kohl's' application of Kohl's Cash certificates and percent-off certificates.[9] Maronick opined his survey results "show[ed] a significant inconsistency among consumers regarding what they expect to pay and whether or not the discount is applied first, suggesting a failure to read and/or understand the disclaimer on the back of the Kohl's Cash certificate," and that "if Kohl's['] practice, as alleged, is to apply the Kohl's Cash before application of any sale or discount from the retail price, then Kohl's is misleading consumers to their detriment."

Following Maronick's deposition, Kohl's filed a "further reply" in support of its no-merit motion on November 7, 2018. Kohl's submitted a copy of Maronick's deposition transcript,

---

[8] The record does not contain Waters's ex parte application or Kohl's' opposition. The trial court's minute order states no parties appeared at the ex parte hearing, and "[a]fter reading and considering all moving party and opposing party papers . . . [t]he ex parte is denied."

[9] For example, the survey asked: "Assume you were shopping at Kohl's and found $100.00 worth of items you wished to purchase. You have a coupon that entitles you to 20% off your entire transaction. You also have a $40.00 Kohl's Cash certificate. You wish to use both the 20% off coupon and the $40.00 Kohl's Cash certificate at checkout. How much would you expect to pay for the transaction?"

copies of both Maronick declarations, and excerpts from the plaintiffs' deposition transcripts. Kohl's argued that Bunkers's "undisputed" second declaration proved Kohl's applied percent discounts to purchases before applying Kohl's Cash. Citing extensively from Maronick's deposition transcript, Kohl's asserted that neither of Maronick's declarations created triable issues of fact.

Waters filed a supplemental brief in opposition to Kohl's' no-merit motion on November 14, 2018. Waters argued that Kohl's had not carried its initial burden on the motion because Kohl's had not demonstrated a reasonable consumer would not be deceived by the Kohl's Cash certificates and, even if Kohl's had carried its burden, Maronick's two surveys demonstrated that Kohl's' conduct misled consumers. Waters also submitted copies of Kohl's transaction records that Waters maintained showed Kohl's applied Kohl's Cash to Waters's purchases before applying a percent discount.

Citing Code of Civil Procedure section 437c, subdivision (h), Waters also requested a continuance of the no-merit motion hearing to permit Waters to conduct discovery on whether Kohl's Cash certificates were likely to deceive a reasonable consumer. Waters identified the specific discovery she requested, including a person most qualified deposition of Kohl's, complaints related to Kohl's' alleged practices with respect to Kohl's Cash certificates, and "[a]ny consumer correspondence or complaints concerning Kohl's Cash" and Kohl's' alleged application of Kohl's Cash to purchases and returns.

Waters's counsel submitted a declaration in which he described his unsuccessful efforts to obtain discovery responses from Kohl's, including discovery about "whether Kohl's['] conduct

13

is likely to deceive the reasonable consumer." Waters's counsel also stated that at a September 26, 2018 hearing, the trial court had instructed Waters that if she required discovery to oppose Kohl's' no-merit motion, she should state that in her supplemental brief in opposition to the motion.

The court heard argument on the no-merit motion on January 10, 2019. Waters's counsel argued Waters had "never been presented the opportunity to conduct discovery as to whether Kohl's Cash is likely to deceive. We've not been able to . . . get any evidence from Kohl's because Kohl's said that it was all irrelevant to this motion. [¶] Now Kohl's is saying that we should have presented evidence which we weren't allowed discovery on. . . . [W]hen I made this argument earlier, Your Honor said to outline the . . . types of discovery that we would seek to be able to respond to the fact that consumers . . . are not likely to be deceived or to prove that consumers are likely to be deceived. [¶] And we've listed that in our supplemental briefing, that type of discovery. . . . [W]e should be permitted to conduct that discovery prior to any dismissal of the claims on that basis. It would be entirely unjust for us not to be able to conduct discovery . . . as to those issues. . . . [¶] So if Kohl's did meet its burden, we should be able to conduct discovery. . . . [¶] It would be unjust for . . . Kohl's [to] get a second chance, a third chance at submitting evidence, at attempting to refute the plaintiffs' evidence without affording us the same opportunity to refute their evidence, to conduct discovery because we have been hampered in discovery so far. We have been handcuffed."

The court granted Kohl's' no-merit motion as to Waters's CLRA cause of action. Citing the plaintiffs' deposition testimony, the court ruled, "Based upon the evidence presented and the

14

specific plain language of the coupons in evidence, the court finds that no reasonable consumer would be misled regarding the use of the Kohl's Cash coupons." The court did not address Waters's request for a continuance of the hearing to permit her to conduct discovery regarding whether Kohl's Cash certificates are likely to deceive a reasonable consumer.

F.      *The Motion for Judgment on the Pleadings and Waters's Efforts To Obtain Discovery*

After the trial court granted Kohl's' no-merit motion, Kohl's moved on February 20, 2019 for judgment on the pleadings against Waters's remaining UCL, FAL, and restitution causes of action.[10] Kohl's argued that because the court found that "'no reasonable consumer would be misled regarding the use of the Kohl's Cash coupons,'" none of Waters's other causes of action stated a claim.

Waters argued in opposition that the court had rejected Kohl's' arguments in overruling Kohl's' demurrer, the court could not judicially notice its no-merit ruling, and the court's no-merit ruling did not in any event dispose of Waters's other causes of action. Waters again argued she should be allowed discovery on the likelihood of consumer deception before the court entered judgment against her, observing that "[t]o date, Plaintiffs have been unable to obtain discovery on likely to deceive." Waters again identified the specific discovery she requested and stated that the requested discovery "would clearly be relevant to Plaintiffs' allegations concerning likely to deceive." Waters's

---

[10]    The same day Kohl's filed its motion for judgment on the pleadings the trial court granted Kohl's' ex parte application to stay the briefing on Waters's pending class certification motion.

counsel submitted a detailed declaration in which he described Waters's efforts to obtain discovery, the specific discovery Waters requested, and the relevance of the discovery to disputed issues in the case.

At the hearing on the motion, Waters's counsel again argued that "[t]o date, we have not been permitted to conduct any discovery, much less discovery on likely to deceive. [¶] We asked for discovery on likely to deceive. Your Honor said it was not necessary for Kohl's['] motions and/or for class certification, and so we have not been able to conduct discovery on that."

After granting Kohl's' request for judicial notice of the no-merit ruling, the court granted Kohl's' motion for judgment on the pleadings as to Waters's remaining causes of action. The court found the no-merit ruling rendered Waters unable to prove her UCL and FAL causes of action, and that restitution is not a separate cause of action. The court did not address Waters's request to take discovery on whether Kohl's Cash certificates are likely to deceive a reasonable consumer. The court dismissed Waters's remaining causes of action "with prejudice [and] without leave to amend."

Waters timely appealed from the order granting the no-merit motion and the judgment of dismissal entered after the court granted Kohl's' motion for judgment on the pleadings as to Waters's remaining causes of action.

## DISCUSSION

A. *Relevant Law*

Section 1770, subdivision (a), makes unlawful certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to

16

result or that results in the sale or lease of goods or services to any consumer." Waters alleges Kohl's' labeling and application of Kohl's Cash certificates violate section 1770, subdivisions (a)(5), (a)(7), (a)(9), and (a)(13).[11]

The plaintiff asserting a CLRA claim must show that an allegedly fraudulent or deceptive representation is likely to deceive a reasonable consumer. (*Consumer Advocates v. Echostar Satellite Corp.* (2003) 113 Cal.App.4th 1351, 1361-1362 (*Consumer Advocates*).) "This is determined by considering a reasonable consumer who is neither the most vigilant and suspicious of advertising claims nor the most unwary and unsophisticated, but instead is 'the ordinary consumer within the target population.' [Citation.] '"Likely to deceive" implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general

---

[11] Section 1770 provides: "(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful: . . . [¶] (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have. [¶] (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. [¶] (9) Advertising goods or services with intent not to sell them as advertised. [¶] (13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions."

17

consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" (*Chapman v. Skype Inc.* (2013) 220 Cal.App.4th 217, 226 [reasonable consumer standard for UCL and FAL causes of action]; see *Consumer Advocates*, at p. 1360 [UCL and FAL reasonable consumer standard applies to CLRA causes of action].) The question whether consumers are likely to be deceived is generally a question of fact. (*Chapman*, at p. 226; see *Klein v. Chevron U.S.A., Inc.* (2012) 202 Cal.App.4th 1342, 1376.)

"[A] CLRA cause of action cannot be summarily disposed of by means of a motion for summary adjudication or summary judgment." (*Smith v. Wells Fargo Bank, N.A.* (2005) 135 Cal.App.4th 1463, 1474 (*Smith*).) It can, however, "be dismissed before trial on a motion for a determination that it is without merit (i.e., a no-merit determination). [Citations.] In practice, courts . . . have applied the standards applicable to motions for summary judgment and summary adjudication in deciding motions for no-merit determinations." (*Ibid.*; see *Consumer Advocates*, *supra*, 113 Cal.App.4th at p. 1359 ["[w]e can see no meaningful distinction in the choice" between summary judgment and a no-merit determination].)

B.   *The Trial Court Abused Its Discretion by Denying Waters's Request To Continue the No-merit Motion Hearing*

Waters contends the trial court erred by denying her request pursuant to Code of Civil Procedure section 437c, subdivision (h), to continue the hearing on Kohl's' no-merit motion to permit Waters to take discovery on whether Kohl's Cash certificates are likely to deceive a reasonable consumer. Waters argues the deprivation of necessary discovery requires reversal of the trial court's order granting the no-merit motion.

18

Code of Civil Procedure section 437c, subdivision (h), provides, "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just." The party opposing summary judgment who seeks a continuance must show: "'"'(1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts.'"'" (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 656 (*Jade Fashion*).) "'The party seeking the continuance must justify the need, by detailing both the particular essential facts that may exist and the specific reasons why they cannot then be presented.'" (*Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238 Cal.App.4th 632, 643 (*Chavez*).) "The statute mandates a continuance of a summary judgment hearing upon a good faith showing by affidavit that additional time is needed to obtain facts essential to justify opposition to the motion." (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 253-254 (*Cooksey*); see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 ["[a]n adverse party who chooses to oppose [a summary judgment] motion must be allowed a reasonable opportunity to do so"].) We review a trial court's decision whether to grant a continuance under Code of Civil Procedure section 437c, subdivision (h), for an abuse of discretion. (*Jade Fashion*, at p. 656; *Chavez*, at p. 643.)

"When a continuance of a summary judgment motion is not mandatory, because of a failure to meet the requirements of Code

19

of Civil Procedure section 437c, subdivision (h), the court must determine whether the party requesting the continuance has nonetheless established good cause therefor.  That determination is within the court's discretion." (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 716; accord, *Chavez*, *supra*, 238 Cal.App.4th at p. 643; see also *Cooksey*, *supra*, 123 Cal.App.4th at p. 254 ["in the absence of an affidavit that requires a continuance under [Code of Civil Procedure] section 437c, subdivision (h), we review the trial court's denial of appellant's request for a continuance for abuse of discretion"].)

In her supplemental opposition to Kohl's' no-merit motion, Waters identified eight categories of discovery she asserted were necessary to oppose the no-merit motion, including "PMQ deposition(s);" "litigation, complaints, judicial proceedings, and administrative proceedings relating to" the challenged policies; discovery regarding "[h]ow the name Kohl's Cash was created" and "[h]ow the design of the Kohl's Cash certificates was created;" and "[a]ny consumer correspondence or complaints concerning Kohl's Cash" or the challenged policies.  Waters asserted the discovery was relevant to disproving Kohl's' contention that Kohl's Cash certificates were not likely to deceive a reasonable consumer.  Waters's counsel stated in his declaration filed with the supplemental opposition that Waters included the discovery categories in her brief at the court's direction.  Waters's counsel also described Waters's unsuccessful efforts to obtain discovery from Kohl's.  The declaration neither repeated the discovery categories listed in Waters's supplemental brief nor reiterated that the discovery was necessary to oppose Kohl's' no-merit motion.  The declaration thus does not strictly comply with the requirements of Code of Civil Procedure

20

section 437c, subdivision (h). (See Code Civ. Proc., § 437c, subd. (h) ["affidavits" submitted in opposition to summary judgment motion must show facts may exist to justify opposition but cannot for reasons stated be presented].)

We need not determine whether Waters's noncompliance with Code of Civil Procedure section 437c, subdivision (h), can or should be excused, however, because Waters unquestionably showed good cause to continue the no-merit motion hearing under the more general standard.[12] When Waters filed her supplemental opposition to the no-merit motion, Kohl's had deposed both plaintiffs and Waters's expert, and had submitted deposition testimony from all three witnesses in support of its no-merit motion. Waters, by contrast, had not been permitted to take any depositions. Indeed, when Waters sought to take Kohl's' person most qualified deposition during the multi-month delay occasioned by Kohl's' request to continue the no-merit motion hearing so Kohl's could depose Waters's expert, the court denied Waters leave to do so. This disparity in discovery was apparent from the parties' motion papers, even without Waters's

_____

[12] The parties debate whether Code of Civil Procedure section 437c, subdivision (h), applies to no-merit motions. No published case appears to address this issue, but courts apply "the standards applicable to motions for summary judgment and summary adjudication in deciding motions for no-merit determinations." (*Smith, supra*, 135 Cal.App.4th at p. 1474.) Kohl's offers no reason the standard in Code of Civil Procedure section 437c, subdivision (h), for continuing a summary judgment hearing to obtain necessary discovery would not constitute a "standard[] applicable to motions for summary judgment and summary adjudication" that courts apply to no-merit motions. We need not resolve this question because, as discussed, Waters showed good cause for a continuance under the common measure.

21

identification in her supplemental brief of the specific discovery she required to oppose the motion.

The discovery Waters sought was relevant to the no-merit motion and necessary to oppose it. Kohl's argued the motion should be granted because no reasonable consumer would be misled by the Kohl's Cash certificates. Discovery reflecting consumer complaints or confusion about Kohl's Cash or Kohl's' treatment of Kohl's Cash would bear directly on that contention. A deposition of Kohl's on topics including how Kohl's applies Kohl's Cash to purchases and refunds would be similarly probative, in addition to enabling Waters to test the veracity of Bunkers's statements regarding how and when Kohl's applies its Kohl's Cash policies.

Further, Waters was diligent in seeking discovery to oppose the no-merit motion. Waters alerted the court to her need for discovery on the likelihood of consumer deception in the joint status report filed before the (ultimately vacated) July 2, 2018 status conference, in her opposition to Kohl's' summary judgment motion, in her supplemental brief in opposition to the no-merit motion, and in her counsel's declaration filed with the supplemental brief.[13] At the hearing on the no-merit motion, Waters's counsel argued Waters had "never been presented the opportunity to conduct discovery as to whether Kohl's Cash is likely to deceive. . . . [W]e should be permitted to conduct that discovery prior to any dismissal of the claims on that basis." The court granted Kohl's' no-merit motion without addressing

---

[13] Waters also identified the requested discovery in her opposition and accompanying counsel declaration filed in opposition to Kohl's' motion for judgment on the pleadings after the court granted Kohl's' no-merit motion.

22

Waters's request for a continuance of the hearing or her assertion that she had been deprived of necessary discovery.

The trial court's decision not to continue the no-merit motion hearing to permit Waters to take discovery on the likelihood of consumer deception prejudiced Waters. The court granted the motion on the very issue about which Waters sought discovery, finding that "[b]ased upon the evidence presented and the specific plain language of the coupons in evidence, . . . no reasonable consumer would be misled regarding the use of the Kohl's Cash coupons." And the court did so after denying Kohl's' substantially identical summary judgment motion on the grounds that "[t]riable issues of material fact include whether a reasonable consumer would read the disclosures on the back of the Kohl's Cash certificate or whether a reasonable consumer would understand the significance of those disclosures."

"[I]n cases in which the opposing party (usually the plaintiff) has been thwarted in the attempt to obtain evidence that might create an issue of material fact, or discovery is incomplete, the motion for summary judgment should not be granted." (*Krantz v. BT Visual Images* (2001) 89 Cal.App.4th 164, 174.) Waters's efforts to obtain discovery on the likelihood of consumer deception were thwarted, and discovery was incomplete. Furthermore, the disparate treatment of Waters and Kohl's "tilted the scales of justice sharply in favor of" Kohl's, which had deposed Waters's witnesses and relied on their testimony to support its no-merit motion. (*Hamilton v. Orange County Sheriff's Dept.* (2017) 8 Cal.App.5th 759, 766 [trial court abused its discretion by denying parties' joint request to continue summary judgment hearing for plaintiff to take necessary depositions].) Waters should have been permitted a reasonable

23

opportunity to take discovery on the likelihood that Kohl's Cash certificates mislead a reasonable consumer before the trial court adjudicated the CLRA cause of action against her on the ground that the certificates do not mislead a reasonable consumer. Because she was not, the order granting Kohl's' no-merit motion must be reversed, as must the order granting Kohl's' motion for judgment on the pleadings on Waters's UCL and FAL causes of action, which rests on the order granting the no-merit motion.[14]

---

[14] In its demurrer to the complaint, which the trial court overruled, Kohl's argued Waters's restitution cause of action did not state a claim because California does not recognize a separate cause of action for restitution. Even though no relevant "material change in applicable case law or statute" had occurred, Kohl's made the same argument in its motion for judgment on the pleadings, and the trial court granted the motion on that basis. (See Code Civ. Proc., § 438, subd. (g)(1) [party may move for judgment on the pleadings on same grounds on which party has already unsuccessfully demurred "provided that there has been a material change in applicable case law or statute since the ruling on the demurrer"].) These procedural irregularities notwithstanding, "[t]here is no freestanding cause of action for 'restitution' in California." (*Munoz v. MacMillan* (2011) 195 Cal.App.4th 648, 661.) Moreover, Waters's prayer for relief includes a request for "an award of restitution in an amount according to proof," thus preserving Waters's ability to seek restitution on one or more of her other causes of action. We accordingly affirm the trial court's order granting Kohl's' motion for judgment on the pleadings on Waters's restitution cause of action.

## DISPOSITION

The judgment in favor of Kohl's is reversed.  The superior court is directed to vacate its orders granting Kohl's' no-merit motion and Kohl's' motion for judgment on the pleadings, to enter a new order denying Kohl's' no-merit motion, and to enter a new order denying Kohl's' motion for judgment on the pleadings on the UCL and FAL causes of action and granting the motion for judgment on the pleadings on the restitution cause of action.  Waters shall recover her costs on appeal.


McCORMICK, J.[*]


We concur:


SEGAL, Acting P. J.


FEUER, J.


---

[*]     Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.