Filed 1/6/25  Lee v. Norwalk-La Mirada Unified School Dist. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JEAN LEE, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> NORWALK-LA MIRADA UNIFIED SCHOOL DISTIRCT, <br><br> Defendant and Respondent. | B327215 <br><br> (Los Angeles County Super. Ct. No. 20NWCV00028) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Margaret Miller Bernal, Judge.  Affirmed.

Jean Lee, in pro. per., for Plaintiff and Appellant.

McCune & Harber, Stephen M. Harber and Antony R. Pizarro for Defendant and Respondent.

———————————————

Plaintiff and appellant Jean Lee appeals from a summary judgment entered in favor of defendant and respondent Norwalk-La Mirada Unified School District (the District) in this employment discrimination action.  On appeal, Lee contends the trial court abused its discretion by denying her request for a continuance to secure a new attorney after her prior attorney failed to act, including failing to file any opposition to the motion for summary judgment, and substituted out of the case a few days before the hearing.  We conclude the record is inadequate to review the trial court's exercise of its discretion.  Therefore, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 14, 2020, an attorney filed a complaint on Lee's behalf against the District for discrimination, wrongful termination, failure to prevent discrimination, harassment, and retaliation.  In December 2010, Lee, in pro. per., filed an amended complaint.  On May 19, 2021, attorney Andrew Kim filed a second amended complaint on Lee's behalf alleging the same causes of action against the District as in the original complaint.

The District deposed Lee on two dates.  In July 2022, Lee served form interrogatories and special interrogatories, which the District responded to in August 2022.

On August 25, 2022, the District filed a motion for summary judgment.  Lee served a set of document requests on September 18, 2022.  On September 28, 2022, attorney Kim asked the District to agree to continue the hearing date on the summary judgment motion until he could obtain and review their

2

responses to Lee's document requests. The District refused to agree to a continuance, but produced 230 pages of responsive documents that day. The District told attorney Kim that if he needed to take depositions to oppose the summary judgment motion, the parties should discuss scheduling right away.

On October 18, 2022, attorney Kim asked the District again to agree to an extension to oppose the summary judgment motion, pending the outcome of the parties' settlement negotiations, but the District refused. On October 21, 2022, the District served written responses to Lee's document requests.

No opposition was filed to the motion for summary judgment by the due date of October 25, 2022.

On November 2, 2022, attorney Kim filed an ex parte application on behalf of Lee asking for a reasonable extension of time to file an opposition to the motion for summary judgment pending Lee's effort to procure another attorney. The application stated that Lee wanted "to obtain another attorney as a difference has arisen between her and her attorney that makes it difficult for the present attorney to continue the representation. In [an] abundance of caution, plaintiff's attorney is willing to be substituted out in the interest of his client. [¶] Another important factor is the settlement discussion that took place between the parties until last week. The parties are basically agreeing to the amount of settlement with a question regarding one administrative action by defendant that needs clarification."

The points and authorities noted the trial court had discretion to allow a continuance under Code of Civil Procedure section 437c, subdivision (h). Attorney Kim's declaration attached to the application stated simply that a difference had arisen between client and attorney making it very difficult for

3

him to continue to represent Lee, and the parties were close to settlement except for an administrative action that Lee was demanding. Attorney Kim believed further clarification on the administrative action would likely result in settlement.

The District opposed the ex parte application on several grounds: the request was untimely; attorney Kim had not acted diligently to secure any deposition testimony; and the application was made pursuant to Code of Civil Procedure section 437c, subdivision (h), but lacked a declaration identifying specific discovery being sought or why it had not been obtained previously. The District argued that a purported dispute between attorney and client did not excuse Lee's failure to timely file an opposition to the motion for summary judgment or timely file a request for continuance of the hearing date. Lee was effectively asking for leave to file an untimely opposition and for continuance of the hearing date on the motion in order to procure new counsel, without explaining why the opposition had not been timely filed or relief sought earlier. The District argued that relief could not be granted by ex parte application because the District would be prejudiced by a continuance, although the District did not further explain how it would be prejudiced.

A hearing was held on the ex parte application on November 4, 2022. The minute order reflects that counsel appeared for each party by telephone, but no reporter's transcript has been made part of the appellate record. The trial court denied the ex parte application.

On November 7, 2022, Lee filed a substitution of attorney that had been executed on November 4, 2022, substituting out attorney Kim to represent herself.

4

At the hearing on the summary judgment motion on November 8, 2022, Lee told the court that attorney Kim had been ineffective counsel due to his egregious misconduct in handling her case. She noted that he didn't begin seeking discovery for a year and a half after filing the operative complaint, and Lee had to find him a paralegal service to file documents. Attorney Kim failed to appear for a scheduled conference with opposing counsel, so Lee represented herself for an hour of discussions. The trial court had imposed sanctions on Lee because attorney Kim failed to answer three simple questions, even though he had the information to answer those questions long before the questions were asked, and she had to pay the sanction from her own pocket. Attorney Kim had not filed any opposition to the motion for summary judgment on her behalf. She asked the court to continue the hearing and allow her an extension of time to have the matter heard on the merits rather than based on her attorney's failure to adequately represent her. She argued that the District would not be prejudiced. She believed it was common for continuances to be extended when a new attorney substituted into a case.

The District argued that the only motion before the trial court was the summary judgment motion, which should be granted based on the moving papers and Lee's failure to file an opposition or seek a continuance prior to the due date for the opposition. The District noted that attorney Kim was told twice that the District would not stipulate to a continuance. If Lee believed attorney Kim erred, the District suggested that she could bring a different type of motion to receive relief from the court.

5

Lee responded that she believed the court had discretion to provide relief based on the extenuating circumstances. She apologized if she was not using the right words, extension or continuance. In response, the District noted that substantively, Lee was arguing a motion that should have been brought prior to the hearing, not the merits of the summary judgment motion before the court.

The trial court granted the summary judgment motion on the ground that the District met its burden on summary judgment and no opposition was filed. The court told Lee that if she wanted relief from mistakes her attorney made, she needed to ask someone how to request relief.

On December 21, 2022, the trial court entered judgment in favor of the District. Lee, representing herself, filed a timely notice of appeal.

## DISCUSSION

### I. General Law Governing Continuances and Standard of Review

A plaintiff seeking a continuance of a summary judgment motion has two options. (*Hamilton v. Orange County Sheriff's Dept.* (2017) 8 Cal.App.5th 759, 764.) Under Code of Civil Procedure section 437c, subdivision (h), "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to

6

permit affidavits to be obtained or discovery to be had, or make any other order as may be just."[1]

The party seeking a continuance under section 437c, subdivision (h), must make a good faith showing by affidavit that: (1) the facts to be obtained are essential to oppose the motion; (2) there is reason to believe the facts exist; and (3) the reasons why the party cannot currently present the facts. (*Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 152–153 (*Braganza*).) A request for a continuance pursuant to the statute must be made on or before the opposition deadline. (*Levingston v. Kaiser Foundation Health Plan, Inc.* (2018) 26 Cal.App.5th 309, 315 (*Levingston*).)

The trial court has discretion to grant or deny a request for a continuance under section 437c, subdivision (h), and we review the court's ruling for an abuse of discretion. (*Braganza*, *supra*, at p. 152.)

A plaintiff may also seek a continuance, however, on grounds other than the mandatory basis of section 437c, subdivision (h). (*Levingston*, *supra*, 26 Cal.App.5th at p. 315.) "This requires a showing of good cause. [Citation.]' [Citation.] 'Reviewing courts must uphold a trial court's choice not to grant a continuance unless the court has abused its discretion in so doing. [Citation.]' [Citation.]" (*Ibid*.)

"When considering a continuance of a summary judgment hearing, ' "a review of the standards governing requests for continuance of trial dates is instructive." ' [Citation.]" (*Denton v. City and County of San Francisco* (2017) 16 Cal.App.5th 779, 792.) Under California Rules of Court, rule 3.1332(c)(4), trial

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

7

courts may grant a continuance based on an affirmative showing of good cause, including "substitution of trial counsel, but only where there is an affirmative showing that the substitution is required in the interests of justice." (Cal. Rules of Court, rule 3.1332(c)(4).) In ruling on a motion for continuance, the court considers all of the facts and circumstances relevant to the determination, which may include the proximity to trial date, previous delays due to any party, the length of the continuance necessary, alternative solutions, prejudice to parties or witness as a result of the continuance, the court's calendar and the impact on other pending trials, and the interests of justice. (Cal. Rules of Court, rule 3.1331(d).)

"A motion for continuance is addressed to the sound discretion of the trial court. (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321.) However, ' "[t]he trial judge must exercise his discretion with due regard to all interests involved, and the refusal of a continuance which has the practical effect of denying the applicant a fair hearing is reversible error. [Citations.]" ' (*In re Marriage of Hoffmeister* (1984) 161 Cal.App.3d 1163, 1169.)" (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395 (*Oliveros*).)

" 'Judges are faced with opposing responsibilities when continuances . . . are sought. On the one hand, they are mandated by the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.) to actively assume and maintain control over the pace of litigation. On the other hand, they must abide by the guiding principle of deciding cases on their merits rather than on procedural deficiencies. (*Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1085.) Such decisions must be made in an atmosphere of substantial justice. When the two policies collide

8

head-on, the strong public policy favoring disposition on the merits outweighs the competing policy favoring judicial efficiency. (Cf. *Cordova v. Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1532, 1533 [when evaluating dismissal of action for delay in prosecution, policy favoring expeditious administration of justice by compelling prompt and diligent prosecution of actions subordinate to policy favoring trial on merits].)' (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 398–399.)" (*Oliveros, supra,* 120 Cal.App.4th at p. 1395.)

## II.    Adequacy of Appellate Record

Lee contends the trial court abused its discretion by denying her request for a continuance, but the record is inadequate for review because there is no reporter's transcript or settled statement of the hearing on Lee's ex parte application seeking a continuance.

A judgment or order of the lower court is presumed to be correct; the appellant has the burden of overcoming this presumption by producing an adequate record affirmatively showing the trial court erred. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) Under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

9

In an appeal involving the abuse of discretion standard of review, a reporter's transcript or an agreed or settled statement of the proceedings is often indispensable. (See, e.g., *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 ["The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion"]; *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 136 [trial court's exercise of discretion will not be disturbed on appeal when appellant fails to provide record explaining trial court reasoning]; see also *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483 ["A reporter's transcript may not be necessary if the appeal involves legal issues requiring de novo review. [Citation.] In many cases involving the substantial evidence or abuse of discretion standard of review, however, a reporter's transcript or an agreed or settled statement of the proceedings will be indispens[a]ble"].)

In this case, Lee provided a reporter's transcript for the hearing where she renewed her request for a continuance, but she did not provide a reporter's transcript for the hearing on the ex parte application seeking a continuance, which the trial court denied. Without this information, we can only speculate whether the trial court inquired about the relevant factors, whether attorney Kim gave any explanation for failing to oppose the motion for summary judgment, and why the trial court denied the application. Trial court orders are presumed to be correct. "In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. 'If any matters could have been presented to the court below which would have authorized the order

10

complained of, it will be presumed that such matters were presented.'" (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.)

Because the record is inadequate to allow review of the trial court's exercise of discretion, the judgment must be affirmed. We note that Lee has never explained how she could have opposed the motion for summary judgment if a continuance had been granted, for example, through a motion to vacate the judgment with a declaration or proposed opposition to the motion, or even an argument in her appellate brief that she had evidence showing a triable issue of fact.

## DISPOSITION

The judgment is affirmed. Each party is to bear its own costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.


WE CONCUR:



HOFFSTADT, P. J.



BAKER, J.