Filed 10/3/23  The Little Red Dog v. Mayeda CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE LITTLE RED DOG, INC., | B324244 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCP00975) |
| v. | |
| MARCIA MAYEDA, as Director, etc., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mary H. Strobel, Judge.  Affirmed.

Huston McCaffrey and Shawn P.K. Huston for Plaintiff and Appellant.

Carpenter, Rothans & Dumont, Jill Williams and Kimberly Morosi for Defendant and Respondent.

_____

Appellant The Little Red Dog, Inc. (the rescue), challenges the trial court order denying its ex parte application for relief pursuant to Code of Civil Procedure section 473.[1]  Because the trial court did not abuse its discretion, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Factual background*

Respondent Marcia Mayeda, Director of the Los Angeles County Department of Animal Care and Control (DACC) operates animal shelters for domestic animals.  As part of its programs, DACC administers an adoption partner program, through which it partners with independent nonprofit animal rescues and adoption organizations that assist in finding homes for animals.  The rescue is an animal rescue organization that was previously an adoption partner.

In March 2020, one of the rescue's dogs bit its foster parent, and, according to DACC, the rescue tried to conceal the incident from DACC.  Following an investigation and administrative hearing, DACC revoked the rescue's status as an adoption partner.

*The rescue files a petition for writ of mandate and a briefing schedule is set*

On March 29, 2021, the rescue filed a petition for writ of mandamus challenging DACC's decision.  At the July 8, 2021, trial setting conference, the trial court set forth a briefing schedule:  The rescue's brief was due March 25, 2022; DACC's opposition was due April 22, 2022; and the trial was scheduled for May 24, 2022.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

*Settlement discussions*

In July 2021, the parties discussed the possibility of settling, but did not reach an agreement. Between December 16, 2021, and February 16, 2022, the parties exchanged e-mails regarding a potential settlement, but again failed to reach any such agreement.

*The rescue fails to file an opening brief*

Even though the rescue's opening brief was due March 25, 2022, it did not either file a brief or request a continuance. On April 22, 2022, the date that DACC's opposition was due, DACC filed a notice of the rescue's failure to file an opening brief and a request for dismissal.

*The rescue attempts to resume settlement discussions*

On May 12, 2022, the rescue contacted DACC, seeking to resume settlement discussions and, for the first time, sent a draft settlement agreement. Without withdrawing its request for a dismissal or agreeing to a continuance, DACC engaged in further settlement discussions. DACC ultimately rejected the rescue's proposed settlement agreement and advised the rescue that it did not appear that the parties would be able to reach a settlement.

*The rescue files an ex parte application requesting a continuance of the hearing and briefing deadlines; trial court order*

On May 23, 2022, the day before trial, the rescue filed an ex parte application requesting a continuance of the hearing and of the brief filing dates. The trial court denied the rescue's application, finding that the rescue had failed to demonstrate good cause and failed to request the continuance as soon as it became evident that one was necessary. In addition, although the rescue's application did not seek relief pursuant to section 473, subdivision (b), the trial court analyzed that issue and found

3

that the rescue had failed to make a showing of excusable neglect to merit relief.

*Judgment; the rescue's appeal; dismissal of the appeal*

Because the rescue failed to file an opening brief or lodge the administrative record, the trial court concluded that it did not meet its burden of proof. Accordingly, it denied the rescue's petition for writ of mandate. A judgment of dismissal was entered, and the superior court clerk served notice of entry of judgment on the parties on June 30, 2022.

On August 30, 2022, the rescue filed a notice of appeal from the judgment of dismissal. (*The Little Red Dog v. Director of Los Angeles County Animal County Animal Care & Control*, B323074.) On September 27, 2022, we dismissed that appeal, reasoning: "The notice of appeal filed on August 30, 2022 was untimely as to the June 30, 2022 judgment from which the appeal was taken. Moreover, no appeal was taken from the trial court's denial of the appellant's motion for relief under Code of Civil Procedure Section 473 which was separately appealable. Accordingly, the notice of appeal filed August 30, 2022 is dismissed as untimely." (*The Little Red Dog v. Director of Los Angeles County Animal County Animal Care & Control*, B323074.)

*The rescue's ex parte application seeking reconsideration and relief pursuant to section 473; trial court's order; appeal*

On August 26, 2022, the rescue filed an ex parte application seeking (1) reconsideration of the denial of its request for a continuance of the trial, (2) reconsideration of the denial of relief pursuant to section 473, subdivision (b), and (3) relief pursuant to section 473, subdivision (b). The trial court denied the rescue's requests for reconsideration as untimely and denied

4

the request for section 473, subdivision (b), relief for the same reasons set forth in its May 23, 2022, order.

On October 17, 2022, the rescue filed a notice of appeal from "[a]n order, after judgment, denying plaintiff's motion for relief pursuant to 473(b)."[2]

## DISCUSSION

### I. *Standard of review*

As the parties agree, we review the trial court's order denying relief pursuant to section 473 for abuse of discretion. (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319.) We review any subsidiary factual findings for substantial evidence. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257–258.)

Appellant "'correctly observe[s] that a trial court order denying relief under section 473, subdivision (b) is "'scrutinized more carefully than an order permitting trial on the merits.'" [Citation.] "Because the law favors disposing of cases on their merits, 'any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations].'" [Citation.] But that said, "[a] motion to vacate a default and set

---

[2] The rescue's appeal is limited to this issue. (*Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073 ["'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from'"].) To the extent the appellate briefs suggest that the rescue is challenging either the trial court's denial of its application for reconsideration or the judgment, its arguments fail. The appeal from the judgment was dismissed. The order denying the request for a continuance is not separately appealable. And, the order denying reconsideration is not appealable or reviewable in this context. (§ 1008, subd. (g).)

5

aside judgment (§ 473) 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.' [Citations.] Moreover, all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant.'" [Citation.]" (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.)

II. *Relevant law*

Section 473, subdivision (b), "provides 'two distinct provisions for relief' from default or dismissal. [Citation.] One affords discretionary relief, and the other makes relief mandatory." (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 173.)

The discretionary relief provision provides, in relevant part that the trial court "*may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b), italics added.) "The party seeking relief . . . bears the burden of proof in establishing a right to relief," including a satisfactory excuse for the default. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) "Where "'a party fails to show that a judgment has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion.'" [Citation.]" (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423.)

Within the context of section 473, subdivision (b), mistake and neglect are excusable if a reasonably prudent person under similar circumstances might have made the same error. (*McClain v. Kissler*, *supra*, 39 Cal.App.5th at p. 414.)

In contrast, the mandatory relief provision provides, as pertinent: "Notwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client." (§ 473, subd. (b), italics added.)

III. *The trial court did not abuse its discretion*

Applying these legal principles, we conclude that the trial court did not err in denying the rescue relief pursuant to section 473, subdivision (b).

A. <u>No discretionary relief</u>

The rescue was not entitled to discretionary relief because it did not establish mistake or neglect.

Urging us to conclude otherwise, the rescue argues that its failure to file an opening brief constitutes excusable neglect because it relied on settlement negotiations with DACC when it decided not to file the memorandum of points and authorities. But that was not a mistake or the result of excusable neglect; rather, the rescue made a conscious choice to disregard the court-ordered filing deadline to save money. (*McClain v. Kissler*, *supra*, 39 Cal.App.5th at p. 405 [failure to respond to the complaint was not the result of excusable mistake when the decision was knowing and deliberate].) Under these circumstances, relief is not available. (See *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206 ["'The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his

7

injury without fault or negligence of his own and against which ordinary prudence could not have guarded.' [Citation.].")

To the extent the rescue did not file an opening brief because its "attorneys believed the parties would settle the case without the need to file the brief or go to trial," the trial court acted well within its discretion in finding that this mistake was not excusable. After all, as pointed out by DACC, the parties went months without communicating about a settlement, and no drafts were exchanged until May 2022. (*San Bernardino City Unified School District v. Superior Court* (1987) 190 Cal.App.3d 233, 239 ["If there had been mutual bona fide efforts to compromise and settle the action and petitioners had delayed bringing the cross-complaint to trial because of a reasonable belief induced by the nature of the negotiations that a trial could probably be avoided, denial of the motion could be an abuse of discretion. However, demands by one party for settlement and consistent denials of liability and refusals to offer anything in settlement by the other party do not amount to negotiations such as would excuse delay in prosecuting the cross-complaint"]; contra, *Stephens v. Baker & Baker Roofing Co.* (1955) 130 Cal.App.2d 765, 771 [trial court abused its discretion in denying a plaintiff relief pursuant to section 473 from a dismissal entered for failure to prosecute when the evidence showed that the plaintiff acted diligently and "the undenied fact [was] that most of the delay in bringing the case to trial was due to plaintiff's acquiescence in defendants' requests"].)

*Levingston v. Kaiser Foundation Health Plan, Inc.* (2018) 26 Cal.App.5th 309 is readily distinguishable. In that case, "attorneys for [the] plaintiff . . . failed to file an opposition to a motion for summary judgment. They had been substituted into

the case after [her] former attorneys were disqualified and the opposition that the former attorneys had filed was stricken.  At the hearing on the motion, [the plaintiff's] new counsel claimed they had not known that they needed to file a new opposition [and] requested relief from default under Code of Civil Procedure section 473, subdivision (b), and a continuance.  The trial court found that new counsel's failure was inexcusable neglect.  It therefore granted summary judgment." (*Levingston v. Kaiser Foundation Health Plan, Inc.*, *supra*, at p. 311.)  The Court of Appeal found that "due to her new counsel's neglect—which the trial court quite properly found to be inexcusable—[the plaintiff] was not entitled to relief under Code of Civil Procedure section 473, subdivision (b)." (*Levingston v. Kaiser Foundation Health Plan, Inc.*, at p. 311.)  She was, however, entitled to a continuance, partly because "there was no evidence that new counsel's failure to file an opposition was willful." (*Id*. at p. 318.)

Here, in contrast and as set forth above, the rescue's failure to file an opening brief was admittedly deliberate.  Thus, the trial court did not abuse its discretion in finding no good cause to grant the rescue's request for a continuance.  (*Levingston v. Kaiser Foundation Health Plan, Inc.*, *supra*, 26 Cal.App.5th at p. 315.)

 B. <u>Public policy</u>

The rescue further argues that public policy mandates reversal.  "There is, to be sure, a policy in favor of trying cases on their merits.  And it is an important one.  But there are other policies reflected in the requirement of section 473(b) that relief be granted only where a party has made an honest and reasonable mistake, policies implicating judicial efficiency, a fair legal process and timely access to the courts." (*McClain v.*

*Kissler*, *supra*, 39 Cal.App.5th at p. 405.) In other words, the public policy in favor of resolving cases on their merits does not relieve a party seeking relief under section 473, subdivision (b), from the statutory requirement of demonstrating mistake, inadvertence, surprise, or excusable neglect.

    C. <u>No mandatory relief</u>

    Finally, the rescue was not entitled to mandatory relief under section 473, subdivision (b). The provision under section 473 that allows for mandatory relief is limited to "defaults, default judgments, and dismissals." (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 228–229.) Here, the judgment entered against the rescue was not the result of a default.

    Admittedly, the judgment was a dismissal. But that dismissal followed the rescue's failure to file an opening brief, and the absence of such a brief constituted "an admission that the motion [was] not meritorious and" could be denied. (Cal. Rules of Court, rule 3.1113(a); § 1094; see also *Noceti v. Whorton* (2014) 224 Cal.App.4th 1062, 1068 [judgment following an uncontested trial was not tantamount to a dismissal].) Under these circumstances, the judgment was not a dismissal commensurate with the "'procedural equivalent of a default.'" (*Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1148; see also *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 620 ["when the Legislature incorporated dismissals into section 473, subdivision (b) it intended to reach only those dismissals which occur through failure to oppose a dismissal motion—'the only dismissals which are procedurally equivalent to a default'"; the purpose of the amendment was simply ""to put plaintiffs whose cases are dismissed for failing to

10

respond to a dismissal motion on the same footing with defendants who are defaulted for failing to respond to an action." [Citations.]' [Citation.]"].) "[T]o read the mandatory provision of Code of Civil Procedure section 473 to apply whenever a party loses his or her day in court due to attorney error goes far beyond anything the Legislature has done." (*Yeap v. Leake* (1997) 60 Cal.App.4th 591, 605 (dis. opn. of Epstein, Acting P. J.).)

*The Urban Wildlands Group, Inc. v. City of Los Angeles* (2017) 10 Cal.App.5th 993 (*Urban Wildlands*) is instructive. In that case, the plaintiff filed a petition for writ of mandate; both parties briefed the merits, but the plaintiff never lodged the administrative record. The trial court found in the defendant's favor and entered judgment. The plaintiff then filed a motion for relief. The trial court granted mandatory relief under section 473, subdivision (b), and the Court of Appeal reversed, reasoning that "[t]he judgment from which plaintiff [sought] relief [was] not a default, default judgment, or dismissal." (*Urban Wildlands*, *supra*, at p. 996.) There was a trial on the merits—the plaintiff simply failed to present sufficient evidence by failing to lodge the administrative record and therefore did not meet its burden of proof. (*Id*. at p. 1002.) Thus, "[t]he judgment at issue [was] not a default, default judgment, or dismissal" and "[t]he trial court could not . . . grant mandatory relief under section 473, subdivision (b)." (*Urban Wildlands*, *supra*, at p. 1002; contra, *Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 491 [the plaintiff was entitled to mandatory relief because her case was dismissed for failure to pay change of venue fees and therefore was not a dismissal based on the merits].)

That analysis squarely applies here. The trial court had a trial on May 24, 2022. It found that the rescue did not meet its

burden of proof because it failed to file an opening brief or lodge the administrative record.  There was no judgment of dismissal warranting mandatory relief under section 473, subdivision (b).

## DISPOSITION

The order is affirmed.  DACC is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

12